OPINION of the Court, by
Judge Owsxa s.
—Upon ^,c debth of the father of the appellant, and the appellee Abraham, the appellant brought suit in the court of chancery in the state of Virginia, for the purpose of obtaining from Abraham one moiety of the slaves now in contest, the right whereof was asserted under the will of the father.
qqic chancellor in that state being of opinion the will gave to the appellant one moiety of the slaves, pronounc-ed an interlocutory decree accordingly; but before the ^CiTee couhl bo made final, the appellee Abraham re-moved himself and the slaves to this country ; and the appellant having also came to this state, lie exhibited Ins 'H equity in the Garrard circuit court, for the pur-Pose °f compelling partition in the slaves, &c.
On a final hearing of the cauSe, the circuit court dif-feeing in opinion from the chancellor of Virginia, dis-m'ssed the bill with costs ; and from that decree the ap-pellant has appealed to this court.
Whatever force and effect, under the constitution and laws °f the United States, the final decree of a sister state is entitled to, it is perfectly clear that as the chancellor in Virginia might, at any time before a final decree’ set aside the interlocutory decree made by him, that decree ought not in a contest in this country to pre-elude the appellee from questioning its correctness, or "cl,:®,lenr'C the court in giving a construction to the will un(ler which the complainant in both courts derives his claim to the slaves.
Whether, therefore, the appellant is entitled to relief, -urJ1s exclusively upon the import of the will,
His right to a moiety of the slaves is endeavored to be maintained under that provision of the will whereby the tí>stat(>í' loans to bis wife the use of the land and plan* tat ion whereon lie lived, and three negroes, Frank, Nance and Lewis, &c. during her natural life, and dire‘:<;e(® that the same should then descend to his two sons. Abraham and William, as he should thereafter mention.
From this provision the testator clearly intended his sons William and Abraham should, after the death of In wife, have the property loaned to her during her life ; but by his directing it should then descend to them as might be thereafter mentioned, it is equally clear he could *557 hot have intended to point out by that provision the interest either should be entitled to, but barely to name the persons to whom the property should ultimately pass, and leav.e to be thereafter mentioned the proportion which each should finally enjoy.
That such was the intention of the testator, we are the more thoroughly convinced, from other provisions of the will in relation to the same property : for by a suhse-quent clause ho has not only given part of the tract of land to William, but all the balance of the property, both real and personal, loaned to the wife, is moreover by another clause expressly given to Abraham, after the decease of his mother.
Upon a fair construction of the will, we are therefore of opinion, the testator did not intend the appellant should have any of the negroes in contest, and that the court below properly dismissed his bill,
Decree affirmed.