Wood and others *against* Watkinson and others.

A judgment rendered by a court in one state, has no efficacy when it is sought to be enforced in another state, unless such court had jurisdiction of the person against whom it is rendered, acquired by service of process on him, or actual notice to him, or by his appearance and submission to such jurisdiction.

Neither by the general principles of law, nor under the constitution of the *United States,* is greater effect to be given to a judgment rendered in one state, when sought to be enforced in another state, than it would have in the state in which it was rendered.

By the laws of the state of *New-York,* the judgment rendered in an action on joint contract, where the process is against all the defendants, and is served on either of them, though in form it is against all, yet it is conclusive of the liability of those only who were personally served with process in the suit: as against every other defendant, it is evidence only of the extent of the plaintiff's demand after the liability of such defendant has been established by other evidence, and creates no debt of record or liability, on which an action of debt can be sustained in another state.

Nor is such judgment, as to a defendant not served with process, a merger of the original cause of action.

The forms of remedies and judicial proceedings are governed, exclusively, by the laws of the place where the action is instituted.

THIS was an action of debt on judgment, in the usual form, brought by *Wood, Johnson & Burritt* against *Henry Wells, Peter Vandervoort* and *Edward B. Watkinson,* partners, under the firm of *Wells, Vandervoort & Co.* The plea, by agreement, was *Nil debet.*

The cause was tried, at *Hartford, January* term, 1846, before *Storrs,* J., when the following facts were proved and admitted.

The judgment on which the action was brought, was rendered by the superior court of the city of *New-York,* at the term of that court held in *May* 1839, in a suit brought by *Wood, Johnson & Burritt,* the present plaintiffs, against the present defendants, upon five promissory notes, dated at different times in the years 1836 and 1837, made by *Wells, Vandervoort & Co.* in the city of *New-York,* in the regular course and within the scope of their partnership business, while all the plaintiffs and defendants were there domiciled. That suit was an action of *assumpsit,* the declaration being in the usual form, upon promissory notes, with the money counts. *Vandervoort* alone was served with process; the return stating, that *Wells* and *Watkinson* could not be found

to be served therewith.   *Vandervoort* appeared ; but *Wells* and *Watkinson* did not.  Judgment was rendered against all the defendants, for 14,643 dollars, (the amount of the notes,) and costs of suit.    From the time that suit was instituted, until said judgment was rendered, *Wells* and *Vandervoort* resided in the city of *New-York*.   In the month of *April* 1837, before the commencement of that suit, *Watkinson* removed from the city of *New-York* into the county of *Hartford* in this state, where he has ever since resided and been domiciled.    No dissolution of the copartnership of *Wells, Vandervoort & Co.* took place until the autumn of 1838, some time after the commencement of the suit in *New-York*.

The superior court of the city of *New-York* had, by the laws of the state of *New-York*, jurisdiction of the subject matter of said suit.    The legislature of the state of *New-York*, in the year 1830, passed a statute, which has ever since been in force, containing the following provisions : " *Sect.* 1. In actions against two or more persons jointly indebted, upon any joint obligation, contract or liability, if the process is issued against all the defendants, and shall have been duly served upon either of them, the defendant so served shall answer to the plaintiff; and in such case, the judgment, if rendered in favour of the plaintiff, shall be against all the defendants, in the same manner as if all had been served with process.

" *Sect.* 2. Such judgment shall be conclusive evidence of the liability of the defendant who was personally served with process in the suit, and who appeared therein ; but against every other defendant, it shall be evidence only of the extent of the plaintiff's demand, after the liability of such defendant shall have been established by other evidence."    2 *Rev. Stat. N. Y.* 377.

By virtue of this statute and the laws of the state of *New-York*, the judgment so recovered before the superior court of the city of *New-York* was a merger of the original cause of action, as to all the defendants, and conclusive, to all intents, upon such of the defendants as were served with notice of the suit, and also upon the other defendants, not actually served with such notice, except so far forth as the burden of proving the existence of the original cause of action ; and the amount of the plaintiffs' claim against the defendants

HARVARD LAW LIBRARY

*Hartford,*
*June, 1846.*

Wood
*v.*
Watkinson.

rested upon the plaintiffs, in respect to such of the defendants as were not actually served with notice of the former suit, and did not appear therein.

By agreement of parties, the case was reserved for the advice of this court as to what judgment should be rendered.

*Hungerford* and *Cone,* for the plaintiffs, contended, 1. That the court in *New-York* had such jurisdiction as to render the judgment binding upon all the defendants, although they were not all personally served with notice, independently of the constitution of the *United States* and the act of congress. *Buchanan* v. *Rucker,* 9 *East,* 192. *Cavan* v. *Stewart,* 1 *Stark. Ca.* 525. *Douglas* v. *Forrest,* 4 *Bing.* 670. (15 *E. C. L.* 113.) *Becquet* v. *McCarthy,* 2 *B. & Adol.* 951. (22 *E. C. L.* 220.) *Green* v. *Sarmiento,* 1 *Pet. C. C. R.* 74. *McRae* v. *Mattoon,* 13 *Pick.* 53. 3 *Phil. Ev.* by *Cow. & Hill,* 910. & seq.

2. That the contract upon which the original judgment was founded, having been made by the defendants, while resident in *New-York,* and there to be carried into effect, any discharge or extinguishment of that contract in pursuance of the laws of that state, existing at the time it was made, will be effectual everywhere. *Sto. Conf.* 8. *sec.* 335,6. 340,1,2,3. 267. *Sherrills* v. *Hopkins,* 1 *Cowen* 103. 108. *Towne* v. *Smith,* 9 *Law Rep. No.* 1. [*May* 1846.] *p.* 12.

3. That by the laws of the state of *New-York,* the judgment in the original suit is a merger of the cause of action upon which that judgment was rendered, and an action of debt will lie on the judgment. *Dando* v. *Doll,* 2 *Johns. R.* 87. *Bank of Columbia* v. *Newcomb,* 6 *Johns. R.* 98. *Taylor* v. *Pettibone,* 16 *Johns. R.* 66. *Townsend* v. *Carman,* 6 *Cowen* 695. *S. C.* in err. 6 *Wend.* 206. *Mervin* v. *Kumbull,* 23 *Wend.* 293.

4. That by the 1st section of the 4th article of the constitution of the *United States,* and the act of congress passed in pursuance thereof, the judgment is to have the same effect in this state as in the state of *New-York.*

*Bulkley* and *H. Perkins,* for the defendant, insisted, 1. That no action will lie upon a judgment obtained in another state, on the face of which it appears, that the defendant was not

a resident within the jurisdiction of such court, and was neither served with process nor came to defend the action, although such judgment may have been obtained according to the course and practice of the court in similar cases. To give validity to the judgment of any court, it is necessary that it should have jurisdiction of the person, the subject matter and the process. 1 *Sw. Dig.* 754. *Kibbe* v. *Kibbe, Kirb.* 126. *Aldrich* v. *Kinney,* 4 *Conn. R.* 380. *Bartlett* v. *Knight,* 1 *Mass. R.* 401. *Bissell* v. *Briggs,* 9 *Mass. R.* 464. *Hall* v. *Williams,* 6 *Pick.* 239. *Gleason* v. *Dodd,* 4 *Metc.* 333. *Borden* v. *Fitch,* 15 *Johns. R.* 121. *Harrod* v. *Barretto,* 1 *Hall* 155.

2. That a suit upon the judgment rendered in *New-York,* could not be maintained against the present defendant, even in that state. Such a judgment is only evidence of the extent of the plaintiff's demand, after the liability of the defendant shall be established by other evidence. 2 *Rev. Stat. N. Y.* 377.

3. That an action of debt on such judgment cannot be maintained against him in this state. An action would not lie on a judgment obtained in our own courts, against one of our own citizens, who had had no notice of the suit: *a fortiori* it will not lie on a judgment so obtained in another state.

STORRS, J. This is an action of debt on a judgment recovered in the superior court of the city of *New-York,* in the state of *New-York,* in favour of the plaintiffs, against *Wells, Vandervoort & Watkinson,* all of whom are named as defendants in the suit, but in which service of the writ has been made only upon *Watkinson,* who alone appears to defend.

It appears by the record, introduced by the plaintiffs, of the judgment on which they rely, and it is admitted, that service of the process in the suit in which it was rendered, was made on *Vandervoort,* but not on either *Wells* or *Watkinson*; and that neither of the two latter had any notice of, or appeared in, that suit; and it is also admitted, that at the time of the commencement of the suit, and ever since, *Watkinson* has resided in the state of *Connecticut.* On these facts it is very clear, that, independent of the construction and effect which is to be given to the statute of *New-York,* which is made a part of this case, and to the proceedings of said court under

*Hartford,*
*June, 1846.*

Wood
*v.*
Watkinson.

HARVARD LAW LIBRARY

*Hartford,*
*June, 1846.*
———
Wood
*v.*
Watkinson.

that statute in the suit in which that judgment was rendered, *Watkinson* is not to be held here to be personally bound or affected by that judgment; since the general principle is now well established, that a judgment rendered by a court in one state has no efficacy when it is sought to be enforced in another state, unless such court had jurisdiction of the person against whom it is rendered, acquired either by service upon him of the process in the suit, or actual notice to him of the suit, or at least by his having appeared in it, and thus submitting to the jurisdiction of the court; and it is also settled, that it is competent for him to prove a want of jurisdiction in that respect. Whether the latter rule, by a just construction of the first section of the fourth article of the constitution of the *United States,* and the laws passed by congress in pursuance thereof, extends to the case of a judgment rendered in a court of one of the states of this union, and attempted to be enforced in a sister state, where the record of the judgment shows the existence of such facts as are requisite in order to confer jurisdiction, so that the defendant would be permitted to contradict that record, by disproving those facts, is a point perhaps not yet fully determined, and which we need not consider, because, as has been remarked, the record of the judgment here produced itself shows, that there was neither any service upon *Watkinson* of the process in the suit in which it was rendered, nor any notice to him of that suit, nor any appearance by him therein. *Aldrich* v. *Kinney,* 4 *Conn. R.* 380. *Denison* v. *Hyde,* 6 *Conn. R.* 508. *Bartlet* v. *Knight,* 1 *Mass. R.* 401. *Bissell* v. *Briggs,* 9 *Mass. R.* 464. *Hall* v. *Williams,* 6 *Pick.* 239. *Borden* v. *Fitch,* 15 *Johns. R.* 121. *Starbuck* v. *Murray,* 5 *Wend.* 148. *Phil. Ev.* by *Cowen* and *Hill,* note 551. 637. and cases cited.

The statute of the state of *New-York,* which has been mentioned, provides, in the first section, that " in actions against two or more persons jointly indebted upon any joint obligation, contract, or liability, if the process is issued against all the defendants, and shall have been duly served upon either of them, the defendants so served shall answer to the plaintiff;" and that " in such cases, the judgment so rendered in favour of the plaintiff shall be against all the defendants, in the same manner as if all had been served with process ;" and, in the second section, that " such judgment shall be conclusive evi-

dence of the liability of the defendants who were personally served with process in the suit, and who appeared therein; but that against every other defendant it shall be evidence only of the extent of the plaintiff's demand, after the liability of such defendant shall have been established by other evidence." It is admitted, that the judgment on which the present action is brought, was recovered on certain promissory notes, executed and delivered to the plaintiffs, in the city of *New-York,* while the said statute was in force, by *Wells, Vandervoort* and *Watkinson,* who were then partners, and all of whom, together with the plaintiffs, then resided in that city; and that said notes were given in the regular course and scope of their copartnership business. Under these circumstances, the plaintiffs claim, that, on general principles of public law, independent of the constitution of the *United States,* and the laws of congress in pursuance thereof, those of the defendants in the suit in which the judgment in question was rendered, upon whom the process in that suit was not served, and who had no notice of the suit, are personally bound by that judgment. This claim is urged, upon the ground that a sovereign state or nation possesses a jurisdiction, which it may exercise, through the medium of its courts, over its citizens, or persons residing within its limits, *in personam,* after they have become domiciled elsewhere, in respect to a transaction to which they were parties, taking place in that state under its existing laws, and while they were there domiciled. The construction which we put on the statute of *New-York,* and the proceedings there under it, upon which the plaintiffs rely, precludes the necessity of our determining the interesting and somewhat novel question which this claim presents.

Taking it for granted, that when a judgment recovered in the court of a sovereign state, or of one of the states of this union, is sought to be enforced in another state than that in which it was rendered, there is no objection to its validity, on the ground of a want of jurisdiction in that court, it is well settled, that no greater effect is to be given to it than it would have in the state where it was rendered. It has no higher dignity in any other state than in the one where it was pronounced; and hence, if in the courts of the state where the judgment was rendered, it is inconclusive, or if it is enquirable into there, during a particular period, or on certain conditions,

HARVARD LAW LIBRARY

*Hartford,*
*June, 1846.*

Wood
*v.*
Watkinson.

it will be open to investigation, to the same extent, every where else. *Armstrong* v. *Carson's* exrs. 2 *Dall.* 302. *Green* v. *Sarmiento,* 1 *Pet. C. C. Rep.* 74. *Spencer* v. *Sloo,* 8 *Lou. R.* 290. *Curtis* v. *Gibbs,* 1 *Pennington's R.* 399. *Baugh* v. *Baugh,* 4 *Bibb* 556. *Rogers* v. *Coleman* & ux. 1 *Hardin's R.* 413. 420. *Smith* v. *Nicolls,* 5 *Bing.* N. C. 208. (35 *E. C. L.* 88.) So, if a judgment operates in the state where it was rendered only *in rem,* it will not elsewhere be enforced *in personam.* It results conclusively from this principle, or is rather involved in it, that if a judgment in a state where it is recovered, has not the effect of binding personally the defendants, or any of them, in the suit in which it was rendered, no greater effect will be given to it in any other state where it is endeavoured to be enforced. It derives its obligation only from the laws of the state in which it is pronounced. A judgment creates a debt, on the ground that a liability is ascertained and established, by the decision of a tribunal, which might rightfully adjudicate upon it ; and such adjudication derives its whole force and effect from the laws of the state under whose authority it is made. In the case of *Milan* v. *Fitz James,* 1 *Bos.* & *Pul.* 138. where a bond given in *France,* where it was understood to bind the property, and not the person, of the obligor, was sued in *England,* where he was arrested ; and the question was, whether he should be discharged from the arrest, Lord Chief Justice *Eyre* said : " If it appears that this contract creates no personal obligation, and that it could not be sued as such, by the laws of *France,* (on the principle of preventing arrests so vexatious as to be an abuse of the process of the court,) there seems to be a fair ground on which the court may interpose to prevent a proceeding which may be so oppressive as a personal arrest in a foreign country, at the commencement of a suit, in a case, which, as far as we can judge at present, authorizes no proceeding against the person in the country in which the transaction passed. If there could be none in *France,* in my opinion, there can be none here. I cannot conceive that what is no personal obligation in the country in which it arises, can ever be raised into a personal obligation, by the laws of another. If it be a personal obligation there, it must be enforced here in the mode pointed out by the law of this country. But what the nature of the obligation is, must be

determined by the law of the country where it was entered into ; and then this country will apply its own law to enforce it." And the court accordingly discharged the party from the arrest. The same course of reasoning applies both to a foreign judgment, and to the judgment of a state of this union, between which there is not, in respect to the point we are now considering, any ground for a distinction. Judge *Story,* speaking of the remarks first quoted, says : " There does not seem the least reason to doubt the entire correctness of the doctrine thus laid down. If the contract creates no personal obligation, but an obligation *in rem* only, it cannot be that its nature can be changed, or its obligation varied, by a mere change of domicil. That would be to contradict the principles maintained in all the authorities, that the validity, nature, obligation, and interpretation of a contract, are to be decided by the *lex loci contractus.* A suit in *England* could not be maintained, except upon some contract which bound the person. If it bound the property only, the proceeding should be *in rem ;* and if, in express terms, the party bound his property and excepted himself from a personal liability, no one would doubt that a suit *in personam* would not be maintainable." *Conflict of Laws,* 569. He then distinguishes between a contract, which, by its very terms, excludes personal liability, and a contract made in a country, which binds the party personally, but where the laws do not enforce the contract *in personam,* but only *in rem;* in which last case, it would be enforced according to the *lex fori.* It is impossible to distinguish between the effect of an obligation created by an express contract, made between the parties to it, and an obligation created by a judgment to which a specific effect is given by the laws of the state under which it was rendered. It is, moreover, to be observed, that by the general principles of public law, no law of a nation has, *proprio vigore,* any extra-territorial operation ; it is enforced in another only *ex comitate gentium.* But comity would never require, that the law of a country should elsewhere receive a construction, which should give it a more extensive operation than it would have where it was enacted. Between the states of this Union, however, the effect to be given to their records and judicial proceedings, is regulated by the constitutional compact, and they therefore stand on higher ground than mere comity.

HARVARD LAW LIBRARY

*Hartford,*
June, 1846.

Wood
*v.*
Watkinson.

But there is nothing in our national constitution, on this subject, which, according to any construction which has ever been claimed for it, gives the judgment of one of the states, when sought to be enforced in another, a greater effect than it would have in the state where it was rendered.

What effect, then, is given in the state of *New-York*, by the laws of that state, to the judgment in question, as it respects the defendant *Watkinson*, against whom personally it is here sought to be enforced ?   The statute of that state, which has been recited, most explicitly answers this enquiry.   In the first place, it provides, that in an action against joint debtors, where the process is against all, and is served upon either of them, "the defendants so served shall answer to the plaintiffs;" implying that none of the others, unless at least they appeared as defendants in the suit, are to be deemed parties to the proceeding, except for the mere sake of form.   In the next place, it prescribes the form of the judgment in such case, if rendered for the plaintiff : it "shall be against all the defendants, in the same manner as if all had been served with process."   And lastly, it declares the effect of such judgment : "such judgment shall be conclusive evidence of the liability of the defendants, who were personally served with process in the suit, and who appeared to defend therein ; but against every other defendant, it shall be evidence only of the extent of the plaintiff's demand, after the liability of such defendant shall be established by other evidence."   Hence it is perfectly clear, that it was the intention of the makers of this law, that the judgment, although in form against all the defendants, should not create any obligation, personal or otherwise, nor be any evidence of indebtedness, against those not served with process in the suit.   As to them, therefore, it had only the form of a judgment, without any of its qualities, attributes, or consequences ; it could not be enforced as a judgment usually is, by execution, nor by any action founded upon it, which would be sustained by any evidence that the record of it furnished ; it did not, as an ordinary judgment does, create a debt of record, arising from and evidenced by matter of record, because it is expressly provided here, that the record shall be no evidence of their liability.   We have then, before us, an action of debt, brought upon a judgment, which creates no obligation, and furnishes no evidence of lia-

bility ; and is, therefore, as ineffectual, as a ground of recov-ery, as if it were rendered in a case where there was confess-edly no jurisdiction.   In this state, we have no such remedy as an action of debt on judgment, excepting where there has been a judgment rendered, which is evidence of a debt.   It results, therefore, that in this action, the defendant, who appears before us, is not here liable.

It is urged as a reason why we should sustain this action in the present case, that by the laws of *New-York*, a similar action may be there sustained against all the defendants in the suit in which such a judgment is entered ; and by the authorities cited from that state, such appears to be the case. *Merwin & Goldsmith* v. *Kumbull*, 23 *Wend.* 293.   It also appears, that, after such a judgment is entered, the plaintiff is not at liberty there to recur to the original cause of action, but that his remedy on such cause of action is in the form of an action of debt on such judgment.   It is very obvious, however, that that action is prescribed there, in such case, not because there is in fact any judgment which creates or furnishes evidence of any liability, but on grounds of local policy, as a convenient mode of proceeding for the recovery of the original debt from those of the joint debtors who were not, as well as those who were, served with process in the first suit ; because it is there held, in pursuance of the provisions of the statute on which that judgment was entered, that such judgment, in the action so brought upon it, furnishes no evidence of the liability of those defendants, who were not served with process in the suit in which it was entered, but that their liability must be established by other evidence.   That it was compe-tent for that state to prescribe that, or any other form of remedy, in such case, there is no doubt.   But that regulation was only local in its operation, and had no effect elsewhere. It appertained merely to the remedy in the case, and not to its merits.   In stating the principle on this subject, we take the language of Judge *Story :* " It is universally admitted and established, that the forms of remedies, and the modes of proceeding, and the execution of judgments, are to be regulated solely and exclusively, by the laws of the place where the action is instituted ; or, as the civilians uniformly express it, according to the *lex fori*."   And, after explaining the reasons for this doctrine, he adds : " The doctrine of the common law

*Hartford,*
*June, 1846.*

Wood
*v.*
Watkinson.

is so fully established on this point, that it would be useless to do more than state the universal principle which it has promulgated ; that, in regard to the merits and rights involved in actions, the law of the place where they originated, is to govern ; but that all forms of remedies and judicial proceedings are to be according to the law of the place where the action is instituted, without any regard to the domicil of the parties, the origin of the right, or the country of the act." The authorities cited by him on this point are numerous and decisive. *Sto. Conf. Laws, p.* 467, 8. *s.* 556. *p.* 469. 470. *s.* 558. (2nd ed.)

The plaintiffs further claim, that by the laws of *New-York,* the judgment in question merged the debt of the defendants on which it was rendered ;—that therefore, that debt was thereby discharged ; that what operates as a discharge of it there, must have the same effect here : and that, therefore, no action will lie upon it, either in that state or elsewhere. If it were a correct use of language, it would be more proper to say, that the remedy, which before existed in that state, for the recovery of the debt, rather than that the debt itself, was merged by that judgment. Nothing was done by the statute of that state, except to take away the former remedy for the recovery of it, and provide a new one. That the original cause of action did not, by the formal judgment which was entered, become *res adjudicata,* is admitted. The plaintiffs disclaim that ground of recovery ; and if so, we do not perceive how the original nature of the debt is changed, or the cause of action upon it has become merged or extinguished in one of a higher nature. If the debt itself is merged or extinguished, and thus discharged, by the judgment, it surely would not be necessary to prove the existence of that debt, by other evidence than the record of the judgment, in order to recover in an action on that judgment. It could hardly be claimed, at least by the defendant who is now before us, in an appropriate suit brought upon the original cause of action, that it was barred by a judgment, which, as to him, is entirely inoperative.

For these reasons, we are of opinion, that judgment should be rendered by the superior court in favour of the defendant.

In this opinion the other Judges concurred.

**Judgment for defendant.**