CHARLES ABBOTT, Treasurer of Ministerial and School Fund.

in Upton,

*vs.*

CHARLES CHASE and others.

Oxford. Opinion April 6, 1883.

*Pleadings. Promissory notes. Officers de facto. Deeds.*

The capacity and legal authority of one to whom the defendants have given a promissory note as treasurer of the ministerial and school fund of a town cannot be questioned by them in a suit on the note under a brief statement accompanying the general issue. His want of authority is to be pleaded, if at all, in abatement.

When it appears that certain individuals have been the acting municipal officers, town clerk and treasurer in a certain town, and also the acting trustees,

clerk and treasurer of the ministerial and school fund in the town, at any period, their acts in those capacities during such period in the disposition of the ministerial and school lands in that town, so far as the rights of the public and third parties interested therein are concerned, will be as valid as if it appeared that they were officers *de jure* as well as *de facto*.

In the absence of all fraud and collusion a deed duly executed by such acting treasurer of such acting trustees, by order of the trustees, purporting to convey all the right, title and interest of the trustees of the ministerial and school lands in that town, in a parcel of such lands, will convey whatever title there is vested in the inhabitants of that town to the parcel therein described.

The reception of such a deed by those who have bargained with such trustees for the land, agreeing "to run their own risk against any title which anybody else had, except the legal trustees," is a good consideration for the note given therefor.

## ON REPORT.

Assumpsit. Writ dated February 16, 1881. The plea was general issue and brief statement.

The opinion states the case and material facts.

*Enoch Foster*, for the plaintiff, cited : *Tainter* v. *Winter*, 53 Maine, 348 ; *Page* v. *McGlinch*, 63 Maine, 472 ; *Brown* v. *Nourse*, 55 Maine, 232 ; *Clark* v. *Pishon*, 31 Maine, 503 ; *Commonwealth* v. *Kane*, 108 Mass. 425 ; R. S., c. 12, §§ 41, 42, 43 ; *Brown* v. *Lunt*, 37 Maine, 423 ; *Woodside* v. *Wagg*, 71 Maine, 210 ; *Nason* v. *Dillingham*, 15 Mass. 171 ; *Greene* v. *Walker*, 63 Maine, 312 ; *Warner* v. *Mower*, 11 Vt. 385 ; *Personal Liberty Laws*, 46 Maine, 591 ; *Hughes* v. *Farrar*, 45 Maine, 73 ; *Wentworth* v. *Grenier*, 70 Maine, 243 ; *Thompson* v. *Carr*, 5 N. H. 510 ; *Nobleboro* v. *Clark*, 68 Maine, 92 ; *Knox* v. *Jenks*, 7 Mass. 488 ; *Purington* v. *Dunning*, 11 Maine, 176 ; *Stewart* v. *Crosby*, 50 Maine, 136 ; *Clark* v. *Sigourney*, 17 Conn. 510 ; *Higley* v. *Smith*, 1 Chip. 409 ; *Trustees of Dutton* v. *Kendrick*, 12 Maine, 381.

*R. A. Frye*, for the defendants.

The statutes provide who shall be trustees of ministerial and school funds, and how the first meeting shall be called. R. S., c. 12, §§ 41, 42, 50.

Such trustees are a private corporation. *Yarmouth* v. *No. Yarmouth*, 34 Maine, 411. And the records of a corporation

are the only evidence to prove notice and doings of meetings. *Moor* v. *Newfield*, 4 Maine, 44; *Jordan* v. *Lisbon*, 38 Maine, 170; *Reeves* v. *Ferguson*, 31 N. J. 107; *Jackson* v. *Hampden*, 20 Maine, 37.

There is no evidence in this case of a notice for the meeting of trustees.

The vote that was passed was insufficient to authorize the treasurer to give a deed to these defendants. The court has held that a vote of a corporation authorizing an agent to convey lands must specify the tract or give some description by which it can be ascertained. The power ought to be as certain as it is necessary for the deed to be. *Lumbard* v. *Aldrich*, 8 N. H. 31.

Apt words must be used in a deed to show the intention to convey the estate to the grantees and unless words are contained in the deed expressing an intention to convey such estate, no title is passed. *Bank* v. *Rice*, 4 How. * 241; Martindale on Con. § 68; *Elwell* v. *Shaw*, 1 Maine, 339; *Stinchfield* v. *Little*, 1 Maine, 231; *Hatch* v. *Barr*, 1 Ohio, 390; *Brinley* v. *Mann*, 2 Cush. 337; *Coburn* v. *Ellenwood*, 4 N. H. 99; *Atkinson* v. *Bemis*, 11 N. H. 44; *Treat* v. *Smith*, 68 Maine, 394; *Sturdivant* v. *Hull*, 59 Maine, 172.

This deed does not assume to convey the title of any party except the trustees and they held no title. That was in the inhabitants of the town. *Warren* v. *Stetson*, 30 Maine, 231; *Argyle* v. *Dwinel*, 29 Maine, 46; *Crafts* v. *Elliotsville*, 47 Maine, 141.

The deed being void there was no consideration for the note. *Howard* v. *Witham*, 2 Maine, 390; *Jenness* v. *Parker*, 24 Maine, 289; *Fowler* v. *Shearer*, 7 Mass. 14; *Warder* v. *Tucker*, 7 Mass. 449; *Wentworth* v. *Goodwin*, 21 Maine, 150; *Homes* v. *Smyth*, 16 Maine, 177; *Greenleaf* v. *Cook*, 2 Wheat. 13.

The mistake by the parties to this transaction, as to the sufficiency of the deed to pass the title to the fee, was undoubtedly mutual, and it is a universal rule of law that a mistake of both parties avoids the contract. Waterman on Con. § 380; Chitty on Con. 296.

BARROWS, J.   June 3, 1879, the defendants subscribed the joint and several promissory note declared on for three hundred and eighty dollars, making it payable on demand to Charles Abbott, treasurer of the ministerial and school fund in the town of Upton or his successor in office with interest annually at seven per cent.

The payee having ceased to hold the office since the commencement of the action it is now rightly prosecuted in the name of his successor, Enoch Abbott.   R. S., c. 82, § 13.   See also, R. S., c. 12, § 41, which makes the municipal officers, town clerk and treasurer a corporation and trustees of the ministerial and school fund for the town where no other trustees are lawfully appointed for that purpose.

Under the general issue and brief statement the defendants undertake to retract their admission on the face of the note, and to deny the right of Charles Abbott to act as treasurer of the trustees because they say there was no legal warrant, notice or record of the town meeting in March, 1879, and on legal proof of the notice for the first meeting of the trustees, at which he was elected treasurer.   The point is not open to the defendants. They have admitted the plaintiff's capacity by their pleadings as well as in the note they gave; and it is too late now to dispute it.   *Page* v. *McGlinch,* 63 Maine, 472, 475 ; *Brown* v. *Nourse,* 55 Maine, 230 ; *Clark* v. *Pishon,* 31 Maine, 503.   But the defendants set up an alleged want or failure of consideration ; and as this also is in contradiction of the admission, which they made in the note, of value received, they attempt to prove it by the production of a deed made to two of them for whom the other two signed the note in question as sureties, the note being given for the price of the land described in the deed.   The deed is a quitclaim deed, duly executed by Charles Abbott in his capacity as "treasurer of the ministerial and school fund for the town of Upton," and it purports to convey "by order of the trustees of said fund"  .  .  .   "all the right, title and interest of the said trustees of said ministerial and school fund, in and to" a parcel of "the ministerial and school fund land in Upton," duly described by metes and bounds, and "containing three hundred and eighty

acres, more or less." The deed appears to have been duly acknowledged and recorded. It was produced by one of the defendants, who testifies that the note was given for the title to the land therein described, and upon a bargain that the grantees were "to run their own risk of the title that any body else had, except the legal trustees," by which we understand that the defendants bargained for such title to the parcel as legal trustees of the ministerial and school fund in Upton, could give, and neither expected nor asked any covenants respecting it.

There is no suggestion that the grantees did not have possession under their deed, or that anybody has raised a question about their title, until they themselves have done it in making this defence.

The defence is a meagre and lame one in any view that can be taken of it. The giving of a quitclaim deed by the payee of a note to the promisor, seems both on principle and authority to be, in the absence of fraud, a sufficient consideration for the note, whatever the defects in the title. The precise act stipulated for, which according to the calculations of the parties, may or may not result for the benefit of the grantee, and the transfer of a possible interest to him from the grantor, has been done by the latter, as agreed upon. Both parties recognize the possibility of flaws in the title, and make their contract in view of the fact that, while the validity of the title may be questionable, the grantee gets and the grantor parts with whatever the latter has power to convey.

Hence in *Clark* v. *Sigourney*, 17 Conn. 510, it was held that a deed of release without covenants was a sufficient consideration for a note of three hundred dollars, though it afterwards appeared that the grantor had no title; and this case and its reasonings are cited approvingly with additional authorities by APPLETON, C. J., in *Stewart* v. *Crosby*, 50 Maine, 138. In *Bean* v. *Flint*, 30 Maine, 226, this court said that, " ordinarily when a person gives his note for a quitclaim deed, he cannot, on account of a defect in the title, avoid the payment of it." See also, *Randall* v. *Farnham*, 36 Maine, 86, 88. But were all this otherwise, the testimony introduced by the defendants does not go far enough

to sustain their defence, or to throw a cloud upon the title they acquired by the deed. On the contrary it all goes to show that Abbott and others were the acting officers of the town, and the acting trustees of the ministerial and school fund.

In *Trustees of the ministerial and school fund in Dutton v. Kendrick,* 12 Maine, 381, it was held not to be necessary in an action brought by them in that capacity, to show their legal organization as a corporation when there was evidence that they had so acted; and that the defendant was precluded from calling it in question, by pleading the general issue with a brief statement, as here.

We think that under the provisions of R. S., c. 12, § § 41, 42, and 43, a deed made and received in good faith, and duly executed by the acting treasurer of one of these peculiar corporations, in pursuance of an order of the acting trustees to that effect, where the intent to pass the estate is manifest on the face of the deed, will give a good title to the property therein described, although the records may fail to show all that is necessary to make them officers *de jure* as well as *de facto.* To such cases the familiar doctrine that the acts and doings *colore officii* of officers *de facto*, so far as the rights of the public, and others having an interest therein are concerned, are as valid as if they were officers *de jure*, ought to apply. See for illustration of cases, where the doctrine is held applicable. *Woodside* v. *Wagg,* 71 Maine, 207; *Greene* v. *Walker,* 63 Maine, 312, 313; *Brown* v. *Lunt,* 37 Maine, 423; *Nason* v. *Dillingham,* 15 Mass. 171; *Bucknam* v. *Ruggles, id.* 180.

It would seem to follow that in any controversy in which the defendants may be involved, touching the validity of their title to this land, they could not suffer by reason of want of proof of a legal town meeting in Upton, in March, 1879, or of proper notice to all the trustees of the ministerial and school fund of the meeting for the purpose of organization, or of the giving of a bond by the treasurer of said fund.

The deed was held void in *Warren* v. *Stetson,* 30 Maine, 231, because it was executed by the treasurer of the *town,* as such, and not as treasurer of the trustees " by order of the trustees."

Again, the extracts from the records introduced by the defendants, are not equivalent to proof that any deficiencies there apparent, are not supplied in other parts of the record. The burden was on the defendants to show that the officers were not officers *de jure*, if such proof could have availed them; and they fail to sustain it.

Defendants' counsel argues that, the conveyance being only of the right, title and interest of the trustees, and the fee being by law vested in the inhabitants of the town, it did not pass by the conveyance, and that the extract from the records of the trustees which he has put in evidence, while it shows a vote "to deed to the purchasers of said land on or before Tuesday next, or as soon as may be after that date," is insufficient to authorize the treasurer to make the deed for want of any designation of the parcel, price and the names of the purchasers. The record of the vote is not a model for imitation, but the defendants have not made it appear that there are no records which explain and apply the vote which is general in its terms; and it is clear that they would be entitled upon proper application to have the records amended, if deficient, so as to show the actual transaction. It is the sworn duty of the clerk to keep a full record of the doings of the trustees, and he may be compelled to perform it by appropriate process, if he neglects, on request, to supply actual defects.

Perhaps the most formidable objection to the deed is the introduction into the terms of the grant of the phrase, "the right, title and interest of the said trustees of said ministerial and school fund, in and to" the parcel of land intended to be conveyed, the description of which follows: It was doubtless used to import in the conveyance what the defendant who testifies in the case says was part of the bargain, that the purchasers were "to run their own risk against any title which any body else had except the legal trustees." But to determine whether the grantees in the deed got whatever interest in the land there was vested, and remaining in the inhabitants of the town, which was really what they bargained for, we must inquire whether the language of the deed, read in the light of the surrounding circumstances, will bear such a construction as to include that

interest.    It must be remembered that the deed derives all its force from the provisions of the statute.    At common law no conveyance which these officers could make would transfer the title, which was not in them, but was vested by the legislature in the inhabitants of the town for a fixed purpose defined by the law.    By R. S., c. 12, § 43, however, power is given to them to "sell and convey all such ministerial and school lands belonging to and lying in their town, and the treasurer's deed thereof duly executed by order of the trustees, shall pass the estate."

And by R. S., c. 73, § 14, "a deed of release and quitclaim of the usual form, will convey the estate which the grantor has, and *can convey* by a deed of any other form."    With reference to lands situated as these are, the word "and" in this statute may well be construed as if it were "or."    The deed is to be effective upon the lands described therein, if the grantor "can convey" them.

No one can believe that these parties supposed that the trustees, changing as often as they do, (being liable to change every year) had any right, title or interest as individuals in these lands.    The whole instrument shows that the intention of the parties was that the trustees should convey the estate which the statutes empowered them to convey in the parcel of land described in the deed, provided only that the purchaser was to take his own risk of all outstanding titles, except that which they could convey at the time the deed was made.

Where a deed derives all its validity from a special statute provision, enabling the grantor to convey, we must consider in its construction, not the language of the deed only, but that of the statute also.    *Warner* v. *Mower*, 11 Vt. 385.

The case is not one of the execution of a deed at common law by the agent of the owner, nor one of the construction of a deed, made by an authorized agent, to convey lands of which his principal is the owner, as it might be affected by our statute respecting conveyances made by agents.

The validity and effect of this deed do not depend entirely upon the same rules that apply to those last mentioned.

The inquiry is, what is the force and effect of this conveyance, read in the light of the circumstances, and of the statute provisions under and by virtue of which alone it could have any effect to transfer the fee vested in the town. We think it conveyed to the grantees just the title for which they bargained. The defence fails at all points.

*Judgment for plaintiff in the capacity
set forth in the writ.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.