Dickman, J.
The main and controlling question in this case is, whether the decrees entered in the circuit court of the United States for the northern district of New York, constituted a decision sustaining the letters patent, within the full intent and meaning of the contract under consideration.. If equivalent to such a decision, the Monitor Company would no longer be entitled to claim a reduction of sixty per centum on the amount of royalties paid under the contract on or before the tenth day of each month.-
The contract does not clearly reveal the intention of the parties as to payment of royalties, in the event that a court of competent jurisdiction should at any time hold the letters patent to be worthless. It would seem rather to assume that the patent would be upheld when brought under adjudication, and in that view regulates the per centum of reduction to be made on the amount of royalties, up to and after the time when the patent should be sustained.
But how was the patent to be sustained or established as good and valid within the meaning of the contract? Not certainly by an interlocutory decree pro confesso, but only by a final judgment or decree, after a judicial investigation, in which, upon proper issues joined, the merits of the patent had been fully examined and passed upon. The defendant who declines to plead, answer or demur to a bill of complaint, may, upon entry of decree, be estopped from afterwards denying that the patentee is the true and original inventor. But, as against all others who are strangers to the proceeding, it cannot be reasonably claimed that the validity of the patent is fully sustained or established, because the prima facie right under the patent has been supplemented with a decree pro confesso or by default, which for aught that appears may have been obtained by collusion. Such a decree, instead of establishing the validity of the patent, might be only a cover for concealing its *292 worthlessness, which would be brought to light by a full hearing and trial.
By the second article of the contract it is provided, that the royalties on all stoves manufactured and sold during each month, shall be paid before the expiration of the month next succeeding, and if paid on or before the tenth dajr of such succeeding month, “a reduction of sixty per centum shall be made on the amount of royalties at that time due and payable, until such time as a- decision of the United States circuit court, sustaining the said letters patent, may be had. And in case of such decision, then, from that date, the reduction, as aforesaid, shall be only twenty-five per centum on said royalties, if the same are paid as aforesaid.” It was in view of obtaining such a decision that on the 15th day of May, 1880, the Lamp Heater company began the two suits in the circuit court of the United States, alleging an infringement by the defendants therein of the letters patent of which it was the owner, and asking for an injunction restraining such infringement, and for an account of profits, and an assessment of damages. In both suits there was a failure to plead, answer or demur to the bill of complaint, and on the 8th of December, 1880, a decree pro confesso was entered in both suits, awarding a perpetual injunction to the complainant, with a reference to a master to take the account, assess the damages, and make report to the court. Upon the coming in of the master’s report, a final decree was entered in both suits on the 21st of June, 1881.
When the Monitor company paid the royalties for the ■ month of February, 1881, and tendered the royalties for the month of March, 1881, only interlocutory decrees had been entered in the pending suits. The rule is well settled in the federal courts, that a decree for an injunction in a patent case, with a reference to a master to take an account of profits, and ascertain the damages by reason of infringement, is not final, and an appeal does not lie therefrom. Barnard v. Gibson, 7 Howard, 650. And in the state courts, when a cause is retained for reference to a master, for the purpose *293 of ascertaining a material fact, the decree is interlocutory only, and does not become final until the whole merits of the cause have been disposed of and nothing remains for the further action of the court. Kelley v. Stanbery, 13 Ohio, 408; Jaques v. Methodist Episcopal Church, 17 Johns, 548; Baugh v. Baugh, 4 Bibb, 556. Such an interlocutory decree, subject as it is to be modified, corrected or vacated, at any time before entry of the final decree, is not, we think, a decision of the court sustaining the letters patent, within the meaning of the contract and license. Though there be no inquiry before the master, into the novelty, utility or validity of the patent, yet his report would be the basis for a final decree, which, with execution, would be effective to restrain at least the defendants in the suits from infringing the patent.
But whether there had been entered an interlocutory or final decree when the Monitor Company paid and tendered the royalties for February and March can, in our opinion, make no difference in the determination of this case, as the decree was not the result of any judicial investigation of the merits of the patent. We cannot make a new contract for the parties, but must leave them to their own engagements. There was no stipulation for sustaining the patent by a decree simply without reference to its form or character, but by “a decision of the United States circuit court.” A decree pro confesso or by default is manifestly not a “ decision ” as contemplated, but is rather the waiver of a decision, and a mode of relieving the judicial mind from the necessity of an investigation. Within the purview of the license a decision of the court contemplated that the patent should be established by a judgment or decree after a judicial investigation. There was to be judicial action, with a weighing of adverse claims, and which has been defined as “ an adjudication upon the rights of parties who in general appeal’, or are brought before the tribunal by notice or process, and upon whose claims some decision is rendered.” In Matter of Saline Co. Subscriptions, 45 Mo., 53.
The allegation that a patent has been sustained by a *294 decision of court, with no other evidence of the fact than a decree pro confesso or by default, even though final, will have but little or no weight with courts, which require letters patent to be established before granting relief by injunction against alleged infringers. In Hayes v. Leton, 5 Fed. Reporter, 521, there was a motion for a preliminary injunction to restrain the infringement' of a patent. "The ground upon which the application rested was, that the acts of infringement were not denied in the answerj and that the validity of the plaintiff’s patent had been upheld by a final decree rendered by the circuit court of the United States for the district of New York, in an action there brought by the same plaintiff upon the same patents against August Erickson et al. Benedict, J., says: “ It is sufficient for this occasion to say that the circumstances under which the decree of the circuit court for the southern district of New York was madé, were such as to deprive that decree of any ■greater effect than- as evidence of an acquiescence in the plaintiff’s claim under these patents, by the particular persons there sued. For that decree was in substance a decree by default. In point of fact no opposition was made to its entry; no contest was had between the parties before the court; and it is plain to see that the decree was because of an understanding between the parties that contest should cease, and not because the court had examined the plaintiff’s patents, and found them to be valid.”
In Grover & Baker Sewing Machine Co. v. Williams, 2 Fisher’s Patent cases, 133, upon a motion for a preliminary injunction to restrain the defendants from making a certain kind of sewing machine, to the- manufacture of which the plaintiffs claimed the exclusive right by virtue of a patent, Sprague, J., says: “ The prima facie right under the patent must be strengthened. In this instance there has been no judicial investigation. There have been cases — one in this court, at law, and three cases in Pennsylvania in equity, in which the defendants have, by an arrangement with the plaintiffs, submitted, and a judgment and decrees have been given against them; but no case has been presented where *295 the judicial mind has been called to the investigation of this subject, and to determine upon such investigation the validity or invalidity of the plaintiff’s claim.” Other well adjudged cases might be cited, recognizing the principle that where the sustaining of a patent by a judgment or decree is a pre-requisite to granting relief by injunction, the judgment or decree must be after due investigation or trial, and not pro eonfesso or by default.
It is said in behalf of the plaintiff in error that the real intention of the Monitor Company was to contract for the privilege of manufacturing and selling the patented article, and to be protected in that manufacture and sale against injury from infringers of the patent; and that such protection was afforded by the decrees rendered in the federal court. In our judgment, when the Monitor Company entered into the contract it had in view not only such privilege and protection, but also the amount of royalty it was to pay. It was doubtless a material consideration with the company, whether the reduction on the amount of monthly royalty paid, was to be sixty or only twenty-five per centum; and whether it was to be the larger or the smaller discount, was to be contingent upon sustaining the patent by a decision of the circuit court of the United States, within the meaning of the contract and license.
The judgment of the district court we think should be affirmed.

Judgment accordingly.