DE WANDELAER *against* COOMER and DOE.

In all cases where special bail is not required, an appearance must be entered or common bail filed; a mere notice of retainer by an attorney is not a sufficient appearance on which to enter a default for want of a plea.

D. WOODS, for the defendants, moved to set aside the default, judgment, and execution in this cause, for irregularity. From the affidavit which was read, it appeared, that this was an action of debt on a recognisance, and the *ac etiam clause*, stating it to be debt on recognisance, was inserted in the *capias*. The sheriff, without the knowledge or direction of the plaintiff, or his attorney, held the defendant to bail. About the 1st of *March*, the plaintiff's attorney received a notice of retainer from the defendants' attorney, and on the 14th of *March* a copy of the declaration and notice of the rule to plead were served on the agent of the defendants' attorney. On the 30th of *April*, a default was entered; and on the 1st of *May*, a plea was delivered to the agent of the plaintiff's attorney, in *Albany*. The plaintiff's attorney, who resides in *Whitestown*, after entering the default, perfected the judgment and issued execution, without common or special bail being filed, or any appearance entered.

*Woods* contended, that common bail must be filed in all cases where special bail is not required. He cited 3 *Caines*, 88. 96. 1 *Tidd's K. B. Pr.* 210. *Rev. Laws*, vol. 1. p. 388.

*Platt*, contra, insisted that the notice of retainer was substantially an appearance, in a case where no special bail was required ; and that it was to be presumed that the sheriff did his duty, by requiring the defendant only to endorse his appearance, without holding him to bail.

<div align="right">

ALBANY,
August, 1810.

SALISBURY
v.
SCOTT.

</div>

*Per Curiam.* The default was irregularly entered, and must be set aside. In all cases where special bail is not required, an appearance must be entered, or common bail filed.

<div align="right">

Rule granted.