UTICA,
August, 1823.

VANDERPOEL
v.
WRIGHT.

An affidavit for a commission is sufficient, if it shew the witness to be material, as advised, &c. and that he is out of the jurisdiction of the court.

It need not add, that the party cannot safely proceed to trial, without such evidence.

---

## VANDERPOEL *against* WRIGHT.

THE defendant endorsed his appearance on the *capias ad resp.* in this cause, on *Sunday,* and this service was admitted to be void, within the case of *Taylor* v. *Phillips,* (3 *East,* 155) and *Field* v. *Park,* (20 *John.* 140.) It was, therefore, a general notice of retainer a waiver of the irregularity. This is not an appearance, nor is it equivalent to an appearance in the cause.

An appearance can be in but one of three ways, viz. by filing *special* or *common* bail ; or by *entering an appearance* at the clerk's office.

The service of a writ, on Sunday, by the defendant's indorsing his appearance, is void. Nor is

UTICA,
August, 1823.

MURRAY
v.
KIRKPAT-
RICK.

moved to set aside the return, and subsequent proceedings. But this was opposed, because the defendant had retained an attorney, who had given a general notice of retainer in the cause. It was insisted, that this was an *appearance*, and, therefore, a waiver of the irregularity. *Rob & Neilson* v. *Moffatt*, (3 *John. Rep.* 257) and *Van Vechten* v. *Paddock*, (12 *John.* 178) were cited for the defendant.

*Curia.* The notice of retainer is not an appearance. This can be in only one of three ways, viz. either *by putting in special bail ; filing common bail ; or, causing an appearance to be entered at the Clerk's office.* (*De Wendelaer* v. *Coomer & Doe*, 6 *John.* 328.) Nor can this notice be considered equivalent to an appearance.

Motion granted.(*a*)

(*a*) *Taylor* v. *Phillips*, (3 *East*, 155.) In this cause, the copy of the *latitat* was served on *Sunday.* On moving to set it aside, various acts of the defendant were insisted upon, as a waiver, the effect of which the Court did not distinctly pass upon: but Lord *Ellenborough*, Ch. J. said, that it was a matter of publick policy, that no proceedings, of the nature described in the statute, should be had on a *Sunday ;* and, therefore, the regularity or irregularity of them, could not depend on the assent of the party afterwards, to waive an objection to such proceedings, which were, in themselves, absolutely avoided by the statute."