HAUSWIRTH, ADM'X, ETC., appellant, *v.* SULLIVAN ET AL., respondents.

6 203
11 257

6 203
025 326
25 327
25 328

SUNDAY — *Service of summons cannot be made on.* — Both at the common law and under section 514 of the Revised Statutes, a summons cannot be served on Sunday, except in the instances specified in such section.

SAME — *Judgment rendered on such service is void.* — Service of a summons on Sunday is void, and the court thereby acquires no jurisdiction over the person so served. Consequently, a judgment against him by default, founded upon such service, is a mere nullity.

SAME — *Void judgment may be set aside.* — In order to give validity to the judgments of any court, it is necessary that the court have jurisdiction of the person, and the want of such jurisdiction may be shown in an action to set aside the judgment, although by the record the judgment appears perfect.

SAME — *Equity will set aside void judgment — Laches.* — A defendant against whom a judgment by default is obtained under a service of summons made on Sunday, when the return of the sheriff states that such service was made on Saturday, may maintain a suit in equity to have such judgment set aside. Under such circumstances the defendant is not limited to the statutory relief by motion, or to an action against the sheriff for a false return. And unless the rights of third persons have intervened, as by the assignment of the judgment, which appears valid on its face, or the sale of property under it to innocent purchasers, the right of the defendant to have such judgment set aside is not affected by his laches.

SAME — *Offer to pay void judgment.* — A condition precedent, required by courts of equity before they will enjoin the execution of a judgment at law void for failure to serve the defendant with process, is that if relief is granted a different result will be attained than that already decreed by the void judgment. But the rule and the reason for it entirely fail when the defendant comes into court with the money and offers to pay the judgment as a condition precedent to its being set aside.

*Appeal from Second District, Silver Bow County.*

THE opinion states the facts.

DE WITT & BACH and KNOWLES & FORBIS, for the appellant.

ROBINSON & STAPLETON, for the respondents.

WADE, C. J. This action is in the nature of a bill in equity to set aside a judgment at law, and the complaint substantially charges that the plaintiff and appellant is the duly appointed and qualified administratrix of the estate of John Hauswirth, deceased; that on the 10th day of March, 1883, and ever since that day until the 15th day of December, 1884, the defendant George W. Irvine 2nd was the duly qualified and acting sheriff of Silver Bow county; that on the 15th day of December, 1884, the defendant Eugene D. Sullivan was, and ever since has been, and now is, the duly qualified and acting sheriff of said county; that on the 10th day of March, 1883, an action was commenced in said county wherein the defendants and respondents herein, Lee W. Foster, Albert Kleinschmidt and Stephen A. Estes, were plaintiffs, and John Hauswirth was defendant, and on that day that a summons was issued in that action against said defendant; that said summons was served on said defendant on Sunday, the 25th day of March, 1883, by the deputy of said Irvine, sheriff, and that no other service was ever made on said defendant in that action; that said Irvine as sheriff aforesaid returned said summons into court as served on Saturday, March 24, 1883, which was contrary to the fact and a false return; that said defendant never appeared in that action, and a judgment by default was rendered against him in favor of the plaintiffs therein for the sum of $276, and costs amounting to $15.55, on the 5th day of April, 1883; that on said day an execution was issued on said judgment, and on the 9th day of May, 1883, said sheriff, Irvine, sold all the interest of said John Hauswirth in and to lot 17, in block 29, of the town site of the city of Butte, to said Foster, Kleinschmidt and Estes, plaintiffs in that action, and defendants herein, for the sum of $331, which sum was the amount of said judgment including interest, costs, and accruing costs thereon; that thereupon said sheriff issued a certificate of sale to said purchasers of said property; that on the expiration of the statutory time for the redemption of said property, to wit, on the 26th day of April, 1884, said

sheriff was restrained from delivering a deed to said purchasers, and ever since has been so restrained awaiting the result of this action to determine the validity of said judgment; that before the commencement of this action, on the 11th day of March, 1885, the plaintiff duly tendered to said Foster, Kleinschmidt and Estes said sum of $331 and lawful interest thereon from the date of the entry of said judgment in payment of the amount alleged to be due to them from said Hauswirth, which tender was refused; but that plaintiff is now ready to pay said sum; that the proceedings upon said execution and certificate of sale are a cloud upon the title of the plaintiff as administratrix, and that if the sheriff of Silver Bow county be permitted to deliver his deed to said purchasers, it will work an irreparable injury to said administratrix, and totally deprive her of said property. Thereupon the plaintiff prays that said judgment be declared null and void and all proceedings thereunder vacated, that said sheriff's certificate be delivered up to be canceled, and that said sheriffs, Irvine and Sullivan, be forever enjoined and restrained from giving any other certificate of sale or any deed to said or any other purchasers. There was a demurrer to the complaint sustained, and a judgment for defendants accordingly, from which the plaintiff appeals.

The demurrer confesses that the matters properly alleged in the complaint are true, and thereupon three questions are presented for determination, viz.: 1. Can a summons be lawfully served in this territory on Sunday? 2. If a summons is served on Sunday, and is returned as served on Saturday, and the defendant does not appear, and a judgment is rendered against him by default, must he seek his remedy by motion in such action, or may he bring an action to enjoin such judgment, and in that action go behind the return of the sheriff and show the facts? and 3. Does the offer to pay and tender in full payment of the judgment do away with the requirement that a defense must be shown before the judgment will be opened, set aside, or enjoined?

1. By the common law, all judicial proceedings which

take place on Sunday are void. It is so stated in all the books, as the following authorities will show: *Story* v. *Elliot*, 8 Cow. 27; *Chapman* v. *State*, 5 Blackf. 111; *Blood* v. *Bates*, 31 Vt. 147; *Swann* v. *Broome*, 3 Burr. 1595; *Pearce* v. *Atwood*, 13 Mass. 324; *Arthur* v. *Mosby*, 2 Bibb, 589; *State of Nevada* v. *Cal. M. Co.* 13 Nev. 213; *Rob* v. *Moffat*, 3 Johns. 258; *Field* v. *Park*, 20 id. 140, 141; *Van Vechten* v. *Paddock*, 12 id. 178; *Whitney* v. *Butterfield*, 13 Cal. 342; *Vanderpoel* v. *Wright*, 1 Cow. 209; Freeman on Judgments, sec. 138; *Taylor* v. *Phillips*, 3 East, 155.

By a statute of this territory the common law, so far as the same is applicable and of a general nature, and not in conflict with the statutory enactments thereof, is made the law and rule of decision in full force until repealed by legislative authority. R. S. 432, sec. 144. And our statute further provides that no judicial business shall be transacted on Sunday, except in certain cases of necessity, and to prevent the failure of justice, which are specified. R. S. 137, sec. 514.

The issuing of a summons and the service and return thereof are acts by the officers of the court and for the court in an action therein pending, and in the construction of this statute must be considered as judicial business or proceedings.

The statute so construes itself, for it authorizes summons and process in certain cases to issue and be served on Sunday, and the specification of these particular and special cases is a prohibition as to all others. The serving of a summons is not a judicial act, but under our statute such service cannot be made on Sunday.

The summons in the action of Foster and others against Hauswirth having been served on Sunday, the service was therefore void, and the court thereby acquired no jurisdiction over the defendant in that action, and the judgment rendered against him therein was consequently a mere nullity, without force or effect. The rule is that in order to give any binding effect to a judgment it is essential that

the court should have jurisdiction of the person and the subject-matter.    There are no authorities to the contrary.

2. It is not necessary to cite authorities to sustain the proposition that Hauswirth might have appeared in that action by motion within the statutory time, and shown that the sheriff's return was false, and had this void judgment against him set aside, provided the rights of third persons have not intervened or additional' rights been acquired, as stated in *Foster* v. *Hauswirth*, 5 Mont. 566.    But was that his only remedy?    Might he rest until his property was molested and then bring an action to have the judgment set aside for the reason that the sheriff's return was false, and for that the court rendering the judgment never acquired jurisdiction over the person of the defendant?

We think that the want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or where any benefit is claimed under it, and the want of jurisdiction may be shown in cases where the judgment by the record appears perfect.    A judgment rendered without jurisdiction over the defendant does not import absolute verity, and the lack of it may be shown in an action brought to set the judgment aside.    In the case of *Knowles* v. *Gas-light and Coke Company*, 19 Wall. 58, the facts were that the Logansport Gas-light and Coke Company brought an action in the court below against Alfred Knowles, on a judgment recovered by it against the said Knowles and one Thomas Harvey, in the circuit court for Cass county in the state of Indiana.    The defense to the action now brought was that the court did not have jurisdiction of the person of the defendant.    Judgment was rendered by default against Knowles and Harvey, and the record of the proceedings contained, amongst other things, a copy of the summons in the case issued to the sheriff of Cass county against the defendants, and a return thereto in the following words:

"I do hereby certify that I served the within writ on the 14th day of September, 1865, upon Alfred Knowles

and Thomas Harvey personally, by reading the same to them."

This was all that appeared in the record on the subject of service of process on Knowles and Harvey, or in reference to their appearance or non-appearance to the action. The defendant Knowles, on the trial of the present action, contended that the return of the sheriff was insufficient to charge him personally in the former action, inasmuch as it did not show that service had been made in the proper county, or where it was made; and being overruled on this point, he offered to prove by himself and Harvey that neither of them had in fact been served with process, and that the return was false; the purpose of this proof being to show that the Cass county court, which rendered the judgment on which the action was brought, never had jurisdiction of the person of either. The court below excluded the testimony on the ground that the record could not be contradicted in a collateral proceeding. The supreme court of the United States, speaking by Mr. Justice Bradley, in deciding the case said: "The defendant offered to prove by himself and Harvey that neither of them had ever in fact been served with process, and that in consequence the court had never, as to them, acquired jurisdiction of the person. As this subject has been lately considered by us in the case of *Thompson* v. *Whitman*, 18 Wall. 457, it is unnecessary to go over the subject again. In our opinion the defendant had a right to show by proof that he had never been served with process, and that the circuit court of Cass county never acquired jurisdiction of his person. As this was refused him on the ground that the evidence was inadmissible, the judgment must be reversed."

That case seems conclusive of the one we are considering. That was an action brought upon a judgment, in which the record showed that a summons had been issued and returned served personally upon the defendants, and the defendants offered to prove that the return was false, and that the summons had not in fact been served upon them.

This testimony was rejected, and the judgment against Knowles was reversed, for the reason that the same had not been received on the trial. That was an action to enforce a judgment, and if it was competent for Knowles to show in that case that the return was false, and that he had not been served at all, it is competent in this case, which is an action to set aside a judgment, to show that the service of the summons was upon Sunday, which was equivalent to no service at all, and to falsify the return that the summons was served on Saturday. The nature of the two actions is precisely alike, and if it was competent to attack the judgment for want of jurisdiction in one it is in the other.

In the case of *Thompson* v. *Whitman, supra,* the court, in reviewing the cases, said: " In the subsequent case of *Webster v. Reid,* 11 How. 437, the plaintiff claimed by virtue of sales made under judgments in behalf of one Johnson and one Brigham, against 'the owners of half-breed lands lying in the county of Lee,' Iowa Territory, in pursuance of the law of the territory. The defendants offered to prove that no service had ever been made upon any person in the suits in which the judgments were rendered, and no notice by publication as required by the act. This court held that as there was no service of process the judgments were nullities. Perhaps it appeared on the face of the judgments in that case that no service was made; but the court held that the defendant was entitled to prove that no service was given, and that none was published.

" In *Harris* v. *Hardeman et al.* 14 How. 334, which was a writ of error to a judgment held void by the court for want of service of process on the defendant, the subject now under consideration was gone over by Mr. Justice Daniel at some length, and several cases in the state courts were cited and approved, which held that a judgment may be attacked in a collateral proceeding by showing that the court had no jurisdiction of the person, or in proceedings *in rem* no jurisdiction of the thing. Amongst the other cases quoted were those of *Borden* v. *Fitch,* 15 Johns. 141, and

*Starbuck* v. *Murray*, 5 Wend. 156; and from the latter the following remarks were quoted with approval: 'But it is contended that if the other matter may be pleaded by the defendant, he is estopped from asserting anything against the allegation contained in the record. It imports perfect verity, it is said, and the parties to it cannot be heard to impeach it. It appears to me that this proposition assumes the very fact to be established, which is the only question at issue. For what purpose does the defendant question the jurisdiction of the court? Solely to show that its proceedings and judgment are void, and therefore the supposed record is, in truth, no record. The plaintiffs, in effect, declare to the defendants the paper declared on is a record, because it says you appeared, and you appeared because the paper is a record. This is reasoning in a circle.' "

In *Elliott* v. *Peirsol et al.* 1 Pet. 328, Justice Trimble, delivering the opinion of the same court, said: " Where a court has jurisdiction it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void."

These principles are alike applicable to foreign and domestic judgments, and we therefore hold that in order to give validity to the judgment of any court it is necessary that the court have jurisdiction of the person, and that the failure of such jurisdiction may be shown in an action to set aside the judgment whenever it is attempted to be set up or used against the defendant. In *Earle et al.* v. *McVeigh*, 91 U. S. 507, the supreme court says: " Argument to show that no person can be bound by a judgment or proceeding conducive thereto, to which he was never a party or privy, is quite unnecessary, as no person can be considered in default with respect to that which it never was incumbent upon him to fulfill."

Standard authorities lay down the rule that in order to

give any binding effect to a judgment it is essential that the court should have jurisdiction of the person and the subject-matter; and it is equally clear that the want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or when any benefit is claimed under it, and the want of jurisdiction makes it utterly void and unavailable for any purpose. *Borden* v. *Fitch*, 15 Johns. 141. What was the use of Hauswirth making a motion to set aside a judgment that was a mere nullity, and that he had the right to show was utterly void for want of jurisdiction whenever any attempt was made to enforce the judgment against him? He had the right to treat the judgment as void until it was attempted to enforce it against him, and then to bring an action and have it declared so. *Lathrop* v. *Edgerton*, 9 Cow. 227; *Ridgeway* v. *Bank*, 11 Humph. 523; *Kibbe* v. *Benson*, 17 Wall. 624; *Aldrich* v. *Kinney*, 4 Conn. 383; *Denning* v. *Corwin*, 11 Wend. 648; *Jones* v. *Neely*, 82 Ill. 72; *Weaver* v. *Poyer*, 70 Ill. 570; *Bond* v. *Wilson*, 8 Kan. 229; *Ward* v. *Wilkinson*, 17 Conn. 500.

A judgment at law may be vacated or relieved against in equity when it is made to appear that the court in pronouncing it acted without jurisdiction. *Harshey* v. *Blackmarr*, 20 Iowa, 161; *Walker* v. *Gilbert*, Freem. Ch. 85; *Miller* v. *Gorman*, 38 Pa. St. 309; *Brooks* v. *Harrison*, 2 Ala. 209; *Crafts* v. *Dexter*, 8 id. 767; *Ingle* v. *McCurry*, 1 Heisk. 26; *Bell* v. *Williams*, 1 Head, 229; *Estis* v. *Patton*, 3 Yerg. 381; *Landrum* v. *Farmer*, 7 Bush, 46; *Johnson* v. *Coleman*, 23 Wis. 452; Freeman on Judgments, sec. 495; *Owens* v. *Ranstead*, 22 Ill. 161; *Newcomb* v. *Dewey*, 27 Iowa, 381; *Stone* v. *Skerry*, 31 id. 582, cited in note to *Taylor* v. *Lewis*, 19 Am. Dec. 135.

There does not seem to be any good reason for making any difference between a judgment void upon its face and a judgment that the defendant has a right at any time, by action, to have declared void. In either case a sale of real estate under such a judgment would create a cloud upon the

defendant's title which could only be removed by an action in equity for that purpose, and whenever equity will remove a cloud it will interpose to prevent the cloud being cast. *Huntington* v. *C. B. R. R. Co.* 2 Saw. 514. The action against the sheriff for a false return is inadequate. In *Ridgeway* v. *Bank of Tennessee*, 11 Humph. 525, Totten, J., speaking for the court, said: "The action for a false return is an inadequate remedy for such an injury; for it might be that after ruinous sacrifice suffered in the payment of a judgment so recovered, and the delay and expense of litigation with the officer, he might be unable to make the proper indemnity, or succeed in evading his liability. The fact that there is no remedy, or no sufficient remedy, at law for this admitted injury is a strong reason why there should be a remedy in equity." Notwithstanding the preponderance of authority is decidedly in favor of relieving a person from a judgment entered against him when it appears that the court had no jurisdiction over the person of the defendant, yet it still remains undetermined whether equity will grant such relief if it appears that there is an adequate and efficient remedy in the original case. In Kentucky, Tennessee, Iowa, Louisiana and Wisconsin it is held that equity will grant the relief sought, notwithstanding that there may be a complete and adequate remedy in the original case. In California a different rule prevails. See *Taylor* v. *Lewis*, 19 Am. Dec. 138, note.

For this court and cause the authority of the United States supreme court in the case of *Knowles* v. *Gaslight and Coke Company, supra,* and the other decisions of that court herein referred to, are conclusive that a sheriff's return may be attacked in a collateral action to set the judgment aside, and that in such an action it may be shown at any time that the court rendering the judgment had no jurisdiction of the person of the defendant, and, therefore, that the judgment is void, and decree accordingly.

No laches of a defendant can give life to a judgment dead at its birth. As against such a judgment he cannot

sleep on his rights, for unless the rights of third persons have intervened, as by the assignment of the judgment, which appears valid on its face, or the sale of property under it to innocent third persons, he may at any time have the judgment set aside. And an action in equity is peculiarly appropriate for that purpose. A judgment pronounced without service of process, actual or constructive, and without a defendant's knowing that a court has been asked to adjudicate upon his rights, is regarded with such disfavor at law that a variety of motions, writs and proceedings are there provided to overthrow it, and in many courts it is at all times and upon all occasions liable to be entirely disregarded upon having its jurisdictional infirmity exposed. But proceedings in equity are peculiarly appropriate for the exposure of this infirmity. They permit of the formation of issues upon the question of service of process, and of the trial of those issues, after full opportunity has been given to those who seek to sustain as well as to those who seek to avoid the judgment. . . . There seems to be but little dissent from the proposition that the want of service of process may be shown, in equity, in opposition to the statement in the judgment roll. Freeman on Judgments, sec. 495; *Bridgeport Sav. Bank* v. *Eldredge*, 28 Conn. 556.

Hauswirth had the right to suppose that the return of the sheriff would tell the truth; that it would show that the summons was served on Sunday, and that the court would render no judgment against him for that reason. Having the right so to believe, there was no duty or obligation upon him to appear in that action to have a judgment set aside which by no law or authority could have been rendered. He was called on to do no more than as though the summons had never been served. He could rest in entire security until an effort was made to enforce the void judgment, and then bring his action and have it set aside. A person's property cannot be confiscated any more than his life or liberty can be taken, until he has had his day in court, and there has been an adjudication according to the law of the land.

3. A condition precedent required by courts of equity before they will enjoin the execution of a judgment at law, void for failure to serve the defendant with process, is that it must be averred in the bill and proved that if the relief is granted a different result will be attained from that already decreed by the void judgment. *Taylor* v. *Lewis,* 19 Am. R. 139, and cases cited in note. The reason for this rule is well expressed in *Gregory* v. *Ford,* 14 Cal. 138, by Baldwin, J., as follows: "Can a defendant, having no defense to an action, enjoin a judgment by default, obtained on a return by the sheriff of service of process, upon the ground that the return is false, that in fact he had no notice of the proceeding? It is difficult to see upon what principle chancery would interfere in any such case in favor of such a defendant. In analogy to its usual course of procedure, it would seem that the plaintiff, having acquired, without any fraud on his part, a legal advantage, would be permitted to retain it as a means of securing a just debt, and that a court of equity would not take it away in favor of a party who comes into equity acknowledging that he owes the debt, and claims only the barren right of being permitted to defend against a claim to which he had no defense." That is to say, the judgment creditor is permitted to retain the advantage of his judgment for the purpose of securing a just debt, as against a defendant who comes into court and confesses that the debt is just and that he has no defense thereto.

But the rule and the reason for it entirely fail when the defendant comes into court with the money and offers to pay the judgment, as a condition precedent to its being set aside. The advantage of the judgment is only given to the judgment creditor for the purpose of securing a just debt, as against a defendant, who confesses that the debt is just and that he has no defense. But if the defendant brings the money into court and offers to pay the judgment, the reason for permitting the creditor to longer hold the judgment as a security for his debt is gone. Payment is a de-

fense, and so is a legal tender of payment. All that the judgment creditor can demand is that the judgment and costs in his favor be paid in full, and such a payment satisfies the judgment, even after a sale thereunder, at any time before the deed is delivered. For this and for no other reason does the statute give a period of redemption. And it is in accordance with natural equity and justice that the judgment creditor be satisfied, and let go of the property if he receives his pay in full at any time before the sale under execution has been consummated by a delivery of the deed. In such a case he has no right to refuse money in payment of the judgment and costs when tendered, in the hope that the property he has bid off upon execution is worth more than the judgment calls for, or that it has increased in value during the period of redemption. If there be any such increase in value before the deed is delivered, the benefits thereof belong to the judgment debtor, providing he tenders and offers to pay the judgment and costs before that time.

The judgment creditor holds the judgment as security for his debt, but after the debt is paid, or there has been a legal tender and offer to pay it, this security ought to cease. If a judgment creditor will not permit an utterly void judgment to be paid when there is an offer to pay it, he cannot thereafter claim anything by virtue of his judgment.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*