ALEXANDER PACE, Appellant, *vs.* JONATHAN CHADDERDON, Respondent.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

A mortgagor cannot, after forfeiture, maintain an action against a mortgagee lawfully in possession, for the recovery of the mortgaged premises.

Points and authorities of Respondent :

*First.*—In order to render a sale under a statute foreclosure valid, it is indispensably requisite that the notice of sale should specify the *time*, as well as the place of sale. *See Section 5, Chap.* 75 *of the Compiled Statutes*; *page* 644.

*Second.*—The notice of sale in this case, stated that the sale would take place on *Monday* the 26th day of February, 1860. Now, the 26th day of February, 1860, was *Sunday.* The notice was therefore uncertain, tantamount to naming *no* day at all. The notice was therefore insufficient and the sale *void.*

*Third.*—If as is contended on the opposite side, a sale under a statute foreclosure is valid on *Sunday* (*see* 12 *Wen. p.*), then most *assuredly* the notice is bad, and sale therefore void, for here, *two* days on which *a sale could legally be had*, are named, viz : The 26th which was *Sunday*, and *Monday* which was the 27th. Thus leaving nothing for a purchaser or the party to *intend* that the sale was noticed for *Monday* instead of

*Sunday*, or *vice versa*. *Some certain* day must be named. A notice naming *two* days is void.

*Fourth.*—The proceedings to foreclose mortgages under the statute, like all other statutory proceedings in derogation of the usual routine at common law *must be pursued strictly, nothing* can be left for *intendment.*

In naming a day of sale, the day should be correctly specified, and nothing left for the party or a purchaser to intend that the Defendant meant the sale to come off on *Monday,* which was the 27th, or on the 26th, which was *Sunday.*

*Fifth.*—The court below erred in holding that the Plaintiff by his presence at the sale, waived any defect in the notice. Such a sale has no analogy to a suit at law, where the appearance of a party may sometimes cure a previous defective proceeding. *This* defect goes to the very foundation of his proceeding. There might have been other bidders and interested creditors at the sale, had the *day* been specified with a certainty.

*Seventh.*—The party against whom a mortgage foreclosure is being had, is entitled as a matter of right, to have the premises sold in separate " tracts or lots"—40-acre lots are legal subdivisions of land in this State. The Defendant *refused* to sell in 40 acre lots, and the sale is therefore *void.* (*Stat. Minn., Sec.* 8, *Chap.* 75, *p.* 644.)

*Seventh.*—The court below erred in not declaring the sale void and ordering judgment for Plaintiff.

George Bradley, Counsel for Appellant.

Chatfield & Buell, Counsel for Respondent.

*By the Court.*—Atwater, J. This action was brought by Pace, the Plaintiff below, to recover possession of certain real estate, situate in Scott county, of which the Plaintiff claimed to be owner in fee, and alleged that the Defendant was wrongfully in possession of the same. The answer sets up a mortgage given by the Plaintiff, August 17th, 1857, to one King, the grantor of the Plaintiff, and by him duly assigned to the Defendant, that said mortgage had become due and had been

foreclosed, before the commencement of this action, and that the Defendant had purchased the premises on the foreclosure sale, on March first, 1860. The answer also sets up a lease from the Plaintiff to the Defendant, of the premises, dated May 2d, 1859, and expiring in the following January in part, and the balance in May, 1860, and alleged that the Defendant was in possession under the lease. The allegations of the answer with reference to the lease were not denied by the reply, which, however, alleged various irregularities in the foreclosure proceedings, and claimed that by reason thereof, the sale thereunder was void. This action was commenced in August, 1860.

The only question presented by this case is, whether the mortgagor, after forfeiture, can maintain an action against the mortgagee, lawfully in possession, for the recovery of the premises. For if the foreclosure set up in the answer should be held void, the mortgagee, or his assignee, would of course have the right, immediately to foreclose his mortgage, and if the proceedings already had be held valid with respect to the foreclosure, the sole ground on which the Plaintiff rests his case, (so far as the record shows,) would be untenable. This is the first time, so far as I am aware, that this question has been presented for adjudication in this court, and it is perhaps to be regretted, that counsel on neither side should not have discussed it, but have barely raised the point in the brief submitted to the court.

That the mortgagor could not maintain ejectment against his mortgagee, lawfully in possession, after condition broken, seems to have been long since the settled doctrine in England. *Steph. Nisi Prius* 2, *pp.* 13, 75; *Doe vs. Barton*, 11 *Ad & Ell.* 315; 5 *Bing.* 427; 4 *Dougl.* 309; *Marriot vs. Edwards*, 25 *Eng. Com. Law R.* 397; 1 *Chit. Pl.* 189.

This doctrine has been adopted by the courts of many of the States. 6 *John.* 290; 7 *John.* 278, 376; 10 *John.* 381; 19 *John.* 325; 20 *John.* 50; 15 *Wen.* 248; 7 *Cow.* 13; 7 *Mass.* 138; 9 *Mass.* 101; 15 *Pick.* 147; 1 *Met.* 494; 1 *Binny* 177; 12 *Serg. & Rawle*, 243; 2 *Watts*, 282. In ejectment, it is well settled, that the Plaintiff can only recover on the strength of his own legal title. He must have the right of possession,

63

which must be of some duration, and exclusive. The only inquiry, therefore, which seems pertinent in this case is, whether the legal title and right of possession of the mortgaged premises remains in the mortgagor, after forfeiture of the condition. For the reason of the rule above stated seems to be, that an action will not be sustained against the mortgagee to oust him of possession, when he might immediately turn round, and by an action to foreclose his mortgage regain possession.

In an ordinary mortgage, the mortgagor conveys his legal interest in the premises, in the same manner as in a warranty deed, upon condition however, that the conveyance shall be void, if the mortgagor pay the sum secured, at a day certain. At common law, upon default in this condition, the property vested absolutely in the mortgagee, and the grantor had no further rights, either legal or equitable in the premises. But courts of equity early began to recognize a right in the mortgagor, called an equity of redemption, which has ever since been regarded with favor, and protected. But this interest of the mortgagor was of a purely equitable nature, of which courts of law took no cognizance, and if in any State the mortgagor has any legal rights, after forfeiture, they must be solely by virtue of statutes creating them. The only provision of our statute, bearing upon the nature of the estate conveyed, is found in *Sec.* 11, *Chap.* 64, *p.* 696, *Comp. Stat.*, which provides that " a mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure." This provision does not limit the nature or extent of the interest conveyed by the mortgage. It simply provides that the mortgagee shall pursue a certain course to possess himself of the legal rights acquired under his mortgage. It recognizes a right of possession in the mortgagor after his legal title is extinguished, which is not inconsistent with the view that the mortgagor parts with his legal title, by suffering default in payment according to the terms of the mortgage. In *Heyward vs. Judd,* 4 *Minnesota Reports, page* 485, it was held, that when application is made to enforce the mortgage, the court in the exercise of its chancery powers, may order the mortgagor to pay the amount due by a certain day, or be forever

foreclosed of all right to redeem, thus carrying out the terms of the contract, etc. Again it is said, " The power of our courts to decree a foreclosure absolute has never been interfered with by the legislature. The mortgagee may still ask to have this done, subject, however, to the power of the court to order a sale where equity requires it." This view can scarcely be sustained except upon the ground that the mortgagor's rights after forfeiture are only of an equitable nature, and such as a court of equity only can take cognizance of. For if the mortgagor after forfeiture, has still a legal title to the property, a court of equity could not destroy it, nor could a court rightfully decree, that the mortgagor had, when the action to foreclose was commenced, no interest in the property which the court was bound to protect.

Nor can it make any difference in this view of the case, whether the mortgage had been actually foreclosed or not. For the whole case of the Plaintiff is based upon the assumption that he is the legal owner of the premises, and such is the allegation of the complaint. The Plaintiff does not seek the aid of a court of equity, but rests solely on his legal title, and the case must be governed by the same principles which applied to actions of ejectment under the former system. The principle is well settled that the tenant of the mortgagor, might defend in an action of ejectment by his lessor, by attorning to the mortgagee, after forfeiture of the mortgage, and this rests solely upon the principle, that after the condition was broken, the estate of the mortgagees was absolute at law, *Jones vs. Clark,* 20 *John.* 51, *and cases above cited.* And in *Jackson vs. Minkler,* 10 *John.* 480, it was held, that though no regular foreclosure of the mortgage was proved, yet the assignee of the mortgagee being in possession, may protect his possession by it. The same doctrine stated in *Jones vs. Clark* was re-affirmed in 7 *Cow.* 21, *and* 15 *Wen.* 248, which last case holds that a mortgagee in possession of the mortgaged premises, lawfully acquired after condition broken, cannot be dispossessed by an action of ejectment against him. This is precisely the case at bar. And these decisions were made under a statute of New York, which is in effect the same as that in force in this State. 2 *Rev. Stat. N. Y., p.* 312, *Sec.* 57. As, there-

fore, I do not understand that our statute contains any provision conflicting with the views expressed in the authorities cited, and that the same are founded in reason and good sense, I think the action cannot be sustained, and that the judgment below should be affirmed.