FOSTER ET AL., appellants, *v.* HAUSWIRTH, respondent.

REMEDY — *Judgment will not be set aside on motion after execution sale.* — A judgment which appears valid by the record will not be set aside, on motion of the judgment debtor, after an execution sale under such judgment. If such judgment be irregular, the debtor must resort to equity to have the same set aside.

*Appeal from Second District, Silver Bow County.*

STAPLETON & ROBINSON, for appellants.

The judgment was not void because summons was served on Sunday. Sec. 514, Code of Civ. Pro., only applies to judicial proceedings. See 22 N. Y. 82; 54 Ind. 377; 12 Ohio St. 132; 4 Wall. 498. Not illegal by common law. 26 Cal. 526; 64 Ill. 243; 13 Nev. 213; 74 N. C. 187; 31 N. H. 490.

Application to set aside judgment was not made in the time required by statute. See Code of Civ. Pro. sec. 114.

WM. H. DE WITT, for respondent.

There was no legal service of summons, being on Sunday; hence no jurisdiction was acquired, and the judgment was void and properly set aside.

Service of process on Sunday void. 12 Johns. 178; 3 East, 155; 13 Cal. 335. Common law adopted in Montana.

Statute forbids judicial proceedings on Sunday; a summons is of that nature. 13 Nev. 213; R. S. sec. 514, p. 137; id. sec. 519, p. 138; 8 Johns. 194.

The judgment being void, it was properly vacated.

WADE, C. J. This is an appeal from an order vacating and setting aside a judgment. On the 10th day of March, 1883, the complaint in the action wherein the judgment was rendered was filed, and a summons duly issued, which was returned as duly served on the defendant on the 24th day of the same month, and on the 5th

day of the following April the clerk, on application of the plaintiff's attorney, entered a default and judgment against the defendant for the amount claimed in the complaint. On the 26th day of April, 1884, the defendant made a motion at chambers to set aside and vacate said judgment, which motion was set for hearing on the first day of the ensuing term of the district court for said county, and at the October term, 1884, of said court, said motion to vacate and set aside said judgment was granted, and said judgment vacated and set aside. It appears by the affidavits in support of the motion to vacate the judgment, that, immediately after the rendition of the judgment, an execution was issued thereon, pursuant to which certain real estate belonging to the defendant was sold by the sheriff, the plaintiff becoming the purchaser thereof. The period of redemption having expired, and the sheriff being about to execute a deed to the purchaser for the real estate so sold, the defendant commenced this proceeding by motion to set aside the judgment, and caused the sheriff to be enjoined from the execution and delivery of said deed.

The return of the sheriff shows that the summons was served on the defendant on the 24th day of March, which was Saturday, but the affidavits filed in support of the motion conclusively show that the summons was served on the defendant on the 25th day of March, which was Sunday. Whether a summons could be lawfully served on that day or not, we do not now wish to inquire. By the return of the sheriff, it appears that the summons was duly served on a lawful day, and the judgment, by the record, is in every way correct and a valid judgment. Besides this, real estate has been sold by virtue of the judgment, and the rights of third persons have intervened, or, at least, additional rights have been created thereby. In such a case a judgment cannot be disturbed except by an equitable action for that purpose, in which there may be an adjudication between proper parties as

to the validity of the judgment, and as to whether the party applying for relief has a meritorious defense to the same, and that he has not lost his right by delay, or in any other manner.

This case is to be distinguished from those in which the judgment is simply void, and where no property has been sold under it, and no rights have intervened or come into existence by virtue of such sale.

The order vacating the judgment is hereby set aside, but the injunction restraining the execution of the deed by the sheriff to the purchaser is hereby continued in full force until the defendant has an opportunity to bring an action to test the validity of said judgment.

*Judgment reversed.*