MARY C. LANE *vs.* JOHN W. HOLMES.

Submitted on briefs Nov. 2, 1893. Modified Nov. 20, 1893.

No. 8540.

**Equitable relief from the consequence of a mistake of law.**

    While it is a general rule that for a mistake of law. pure and simple, there is no remedy or relief, yet where the surrounding circumstances are of such a nature that the adverse party in seeking to avail himself of the opportunities afforded by the mistake, and attempting to enforce an unconscionable advantage without consideration, and the other party is not blamable, equitable relief can in such case be afforded to the party so mistaken if the other party is not thereby injured, and such mistake need not be mutual.

**Mistake of both law and fact.**

    Where there is a mistake of fact, or a mistake of law and fact combined, equitable relief can be granted, especially if such relief does not result in injury to the opposite party.

:Mistake on a foreclosure sale relieved by resale.

Where, by reason of a mistake in the computation of interest on a note secured by a mortgage, there is claimed to be due in the notice of foreclosure sale a larger sum than is legally due, and the premises are bid in by the mortgagee for the sum so claimed, but in good faith, believing that he is only bidding for the sum actually due, and the mortgagor is attempting to recover by action against the mortgagee, as surplus, the excessive interest so computed and included in the sum bid, and the premises are of less value than the sum actually and legally due, the mortgagee may be afforded equitable relief, and a resale ordered.

Mortgagee in possession.

In such case the value of the use of the mortgaged premises after the first foreclosure and the expiration of the time for redemption by the mortgagee in actual possession with the actual or implied assent of the mortgagor, need not be tendered to the mortgagor before such resale, for, being a mortgagee so in possession after the conditions broken, he is rightfully there, and the mortgagor could not recover possession without satisfying the mortgage.

Appeal by plaintiff, Mary C. Lane, from an order of the District Court of Clay County, *D. B. Searles*, J., made July 19, 1893, denying her motion for a new trial.

*W. B. Douglass*, for appellant.

The mistake which defendant seeks to correct by his answer, praying for equitable relief, was an error of law and was not mutual to the parties. When neither party is to blame and damage results to one, relief cannot be granted to the other. *Catlin* v. *Fletcher*, 9 Minn. 85; *Hunt* v. *Rousmaniere's Estate*, 1 Pet. 1; *Galtra* v. *Sanasack*, 53 Ill. 456; *Shroll* v. *Klinker*, 15 Ohio, 155; *Thompson* v. *Thompson*, 18 Ohio St. 73.

*John E. Greene*, for respondent.

The foreclosure of the mortgage and bidding in of the premises for the excessive sum of $4,222.34 is shown to have been done through the inadvertence and excusable neglect of the defendant's attorney in the foreclosure proceedings, in not examining the mortgage as well as the note to ascertain whether the debt bore inter-

est. A proper case is shown for equitable relief on that ground. *Barthell* v. *Roderick*, 34 Ia. 517; *Snyder* v. *Ives*, 42 Ia. 157.

Upon an examination of *Bidwell* v. *Whitney*, 4 Minn. 76; *Dickerson* v. *Hayes*, 26 Minn. 100; and *Bennett* v. *Healey*, 6 Minn. 240, we are strongly impressed with the idea that an estoppel was established. No objection was made to the amount claimed in the notice of sale until long after the sale had ripened into a title.

BUCK, J. The plaintiff and her husband executed to the defendant a promissory note as follows:

"$3,000. Moorhead, July 10, 1885. Five years after date I promise to pay to the order of John W. Holmes three thousand dollars, at Fulton Bank, New York, value received, with interest before and after maturity at the rate of ———— per cent. per annum until paid. Alpheus F. Lane. Mary Cole Lane."

At the same time they executed a mortgage on the northeast quarter of section thirty two (32) T. 139 R. 48, in Clay county, to secure the payment of said note, which mortgage contains this clause: "Provided, nevertheless, that if said Mary Cole Lane and Alpheus F. Lane, parties of the first part, their heirs, shall well and truly pay or cause to be paid to the party of the second part, his heirs, the sum of three thousand dollars and interest, according to the conditions of one promissory note in the amount of $3,000, made, executed, and delivered by said Mary Cole Lane and Alpheus F. Lane to said John W. Holmes, due five years after date, which said note is without interest, bearing even date herewith."

There being default in the payment of the note, or any part thereof, the defendant, residing in the state of New York, sent the note and mortgage to an attorney of Moorhead, Minn., with instructions to foreclose the mortgage, but without instructions as to the amount due. The attorney foreclosed the mortgage, and in the notice of such foreclosure proceedings it was claimed that there was due upon said note and mortgage the sum of $4,102, which amount was arrived at by computing interest upon the note at the rate of seven per cent. per annum from the date thereof to the date of the notice of foreclosure sale; and the said premises were bid off, December 15, 1890, for that sum, with expense of foreclosure added, amounting to $4,222.34. The premises were bid in by the

defendant's attorney for and in the name of defendant in good faith, and ,without any design on the part of the defendant or his said attorney to defraud or injure plaintiff, or prejudice her interests or rights in the premises, as the said premises at the time of such foreclosure sale were not of greater value than $2,500, and never were, at any time between the time of such sale and the time of the commencement of this action, of greater value than $3,000. The defendant did not know until after such foreclosure sale that such interest had been included in the amount for which said premises were so bid in for him by his attorney, as it was the purpose and intent of the defendant by such foreclosure to extinguish the indebtedness of the plaintiff and her husband to him under said note and mortgage; and that the only instructions he gave to his said attorney in the foreclosure proceedings were that the premises should be bid in for the defendant for the full amount due, regardless of the value of the mortgaged premises, it not being the intention of the defendant at the time of the execution of the mortgage to charge interest upon the indebtedness thereby secured, nor the understanding of the plaintiff that interest should be charged there pon. There was no redemption from such foreclosure sale, and the plaintiff did not have actual notice of the sale or the amount bid until six months subsequent to the time of such sale, although her brother was her tenant, and cultivating the premises during the foreclosure proceedings, and boarded near said farm, and upon whom due notice of foreclosure proceedings were served as the party actually in possession, as required by law. The plaintiff never objected to the sale on account of the amount claimed in the notice of sale being in excess of the amount legally due upon the mortgage debt, and she has never tendered to plaintiff any amount upon said mortgage debt, and the defendant did not at the time of sale, nor at any other time, ever receive from the sheriff or other person any money as the proceeds of said sale.

This action was commenced in the month of November, 1892, to recover the sum of $1,032.80, being interest so added to the principal of said note, and claimed to be the surplus over and above the amount actually due on said note and mortgage at the time of such foreclosure sale. On the trial in the court below the defendant in open court tendered to the plaintiff a deed of conveyance to the

plaintiff of the premises described in said mortgage upon the pay· ment to this defendant of the sum of $3,000, without interest or costs of said foreclosure suit, which tender was refused by the said plaintiff. Briefly, the case is this: Plaintiff or her husband, on July 10, 1885, or before that time, received of defendant $3,000, which sum was to be without interest, as they claim, and payable in five years, secured by a mortgage on her land, worth at the time of the foreclosure sale, December 5, 1890, not exceeding the sum of $2,500, and at no time since of greater value than $3,000; and they now assert their legal right to pay and satisfy the note and mortgage with accrued interest from the maturity of the note, July 10, 1890, with the mortgaged property of less value than the amount legally due on the mortgage, and then, in addition to this, to recover a judgment against the defendant of $1,032.80, an alleged surplus on the foreclosure sale, and which accrued, if at all, by an error or mistake on the part of defendant's attorney in the computation of the interest on the note and mortgage. If this action is sustained, the plaintiff will recover a judgment for $1,032.80, for which she never paid any consideration whatever. We have no hesitation in saying that such a claim is unconscionable, and it would be a reproach to our jurisprudence if the defendant cannot be afforded relief.

In view of the admission of the parties as to the agreement not to pay interest on the $3,000, we are not necessarily called upon to decide whether the note drew legal interest; but when we examine the mortgage, and find therein a clause wherein it is stated that it is given to secure this note of $3,000 and interest, and then also stating that the mortgage is given to secure the same note without interest, we are not surprised that the attorney construed the note as drawing interest. In the case of *Hoopes* v. *Collingwood*, 10 Colo. 107, (19 Pac. Rep. 909,) the court assumes that a note similar in form to the one in this case drew legal interest. Such uncertainty as to whether the note and mortgage drew interest would fully justify the findings of the court below that the interest so added was done in the utmost good faith by the attorney, and we do not decide but what he was legally right in such computation, so far as relates only to the interest on the note. But, in addition to this complex question of the payment of interest involved by the terms of the

note and mortgage, it now appears that at the time of the execution of the note and mortgage the parties understood that neither the note nor mortgage should draw interest at any rate. Of this latter fact the defendant's attorney does not appear to have been notified, or aware of that fact at the time he so computed the interest on the note or at the time of the foreclosure sale. If he had known of this important and conceded fact, it would have thrown such light upon the question as would undoubtedly have induced him to have foreclosed the mortgage without any claim for the five-years interest, and thus have prevented this unfortunate litigation. Assuming this to be so, we then think that such attorney was misled by his ignorance of an existing material fact, known, it is true, to both parties, but unknown to defendant's attorney, who resided many hundreds of miles distant from his client.

Now, construing the note and mortgage together, and conceding that they did not by their terms draw interest until due, and that the attorney, in computing the interest on the note from its date to maturity, made a mistake in the law applicable thereto, is the defendant without remedy or relief? If we are correct in our view of the fact that the attorney was misled by his ignorance of the existence of a material fact by the agreement of the parties that the note should not draw any interest, then we have to deal with two mistakes,—one of law and one of fact; and, where both combine to constitute any injury to a party, he is entitled to equitable relief, especially where such circumstances surround the case as are presented by this record. We are not unmindful of the general rule that for a mistake of law, pure and simple, there is generally no remedy or relief, but there may be relief afforded in equity if the surrounding circumstances are of such a nature that the adverse party is seeking to avail himself of the opportunities afforded by the mistake, and attempting to enforce an unconscionable advantage without consideration, and the other party not being blamable. *Benson* v. *Markoe*, 37 Minn. 30, (33 N. W. Rep. 38.) In the case just cited numerous authorities are quoted to show that in mistakes of law in certain cases relief may be afforded, and the case itself is an instructive one upon this question. It is also there held that such relief may be afforded for the mistake of only one of the parties, and that the mistake need not be mutual. But in cases where there

is a mixed question of mistake of law and fact, or of fact alone, relief can be granted, especially if the opposite party will not thereby be injured.

The plaintiff claims that the defendant did not offer to pay plaintiff the value of the use of the premises by defendant after the expiration of the time for redemption, amounting to $200; and that, if the defendant seeks equitable relief, he should, at the time of the tender of the deed to plaintiff, have tendered or offered to pay her this amount. But was this essential? This is not a case between a trespasser or wrongdoer or even a tenant upon the land of plaintiff. The defendant was a mortgagee in possession after forfeiture of the conditions of the mortgage by the implied, if not actual, consent of the mortgagor. Plaintiff claims that the mortgage was legally foreclosed, and it appears that at such time she was not in the actual possession. By bringing this action in the manner and for the purpose she did she substantially asserts the right of the defendant to the possession thereof, and admits thereby that he obtained lawful possession of the premises after the conditions broken, and after the time for redemption expired. Now if, as a mortgagee, he lawfully obtained possession of the premises after forfeiture, the mortgagor could not recover possession without satisfying the mortgage. *Pace* v. *Chadderdon*, 4 Minn. 499, (Gil. 390.)

This would be so whether there was a valid foreclosure or not. At the time of the foreclosure sale the principal sum of $3,000 and accrued interest from July 10, 1890, to time of sale was actually unpaid; and at the time of the trial of this action, June 20, 1893, there was more than $600 of accrued interest, calculating the same from July 10, 1890, upon the principal of $3,000, if there had been no foreclosure at all. This amount of interest due and payable after the conditions in the mortgage were broken amounted to three times the amount of the value of the use of the land by defendant as found by the court. If, therefore, the defendant was lawfully in possession of the premises, there is no equity in the plaintiff insisting that as a basis of relief to be afforded the defendant he should have tendered to the plaintiff the value of the use of the premises, viz. $200, while the defendant was in the possession thereof.

If there shall be a vacation and annulling of the said mortgage sale, and a resale of the premises under a mortgage foreclosure sale

in accordance with the order to be made herein, then the question of rent or value of the use of the premises can be adjusted by the parties or the court, and the true amount found due on said mortgage, if the proper and legal application is made for such purpose.

The defendant was entitled to the affirmative relief asked for in his answer, but the foreclosure could not be allowed to stand, and at the same time the plaintiff's action dismissed. The court, in addition to dismissing the plaintiff's action, should, upon the facts found, also have ordered that the sale be set aside, and a resale made. No new trial is necessary, but the case is remanded with directions to the court below to amend its conclusions of law and order for judgment, in accordance with this opinion.

(Opinion published 57 N. W. Rep. 132.)