GREEN, APPELLANT, v. WIEDERHOLD, RESPONDENT.

(No. 4,162.)

(Submitted June 24, 1919.   Decided July 3, 1919.)

[181 Pac. 981.]

*Default Judgments—Vacation—Lack of Jurisdiction—Laches.*

Default Judgment—Vacation—When Error.
　　1.   Where summons had been served upon defendant personally and
　　more than six months had elapsed between entry of judgment by de-
　　fault and his motion to vacate it, the trial court was without jurisdic-
　　tion to grant the motion.
Same—Vacation—Laches.
　　2.   Showing made by defendant in support of his motion to vacate
　　judgment by default, *held* insufficient to demonstrate that he moved
　　promptly upon discovering that default had been taken against him.
Same—Vacation After Execution.
　　3.   A default judgment will not be set aside after execution sale under
　　the judgment.

*Appeal from District Court, Chouteau County; John W.
Tattan, Judge.*

ACTION by William H. Green against John A. Wiederhold.
From an order setting aside a default judgment, plaintiff ap-
peals.   Order reversed.

*Mr. C. A. Spaulding* and *Mr. Emery D. Harnden,* for Appel-
lant, submitted a brief; *Mr. Spaulding* argued the cause orally.

No appearance in behalf of Respondent.

MR. JUSTICE COOPER delivered the opinion of the court.

Appeal from an order setting aside a default judgment.   On
May 2, 1916, complaint was filed, summons issued and an attach-
ment levied upon property of the defendant in Chouteau county,
Montana.   On July 14 of the same year *alias* summons was
issued and published, and on August 7, 1916, said *alias* summons,
together with a copy of the complaint, was delivered personally
to the defendant in the county of Henry, state of Illinois, by a
person named Lowry.   On October 13, 1916, a default judgment

was entered in favor of plaintiff and against defendant in the sum of $836.48, execution issued thereon, delivered to the sheriff, and the judgment fully satisfied out of the property attached. On April 27, 1917, Messrs. Stranahan & Stranahan, attorneys at law residing at Ft. Benton, presented to the court a motion to set aside the default, an answer on the merits, and an affidavit of defendant sworn to before a notary public of the state of Illinois in support of an application to have the case reopened. The material parts of the affidavit so filed are as follows: That defendant received a copy of the complaint and summons at the hands of one Lowry on or about August 7, 1916, and "immediately forwarded the same to the attorney" retained by the son of defendant "to represent and look after affiant's interest in said action"; that said attorney was by affiant admonished "to be diligent and active in affiant's behalf"; that affiant "at other times during said summer months wrote to said attorney and urged him to diligent and effective action in his behalf, and sent him facts and data with which to prepare" the defense, and "fully believed that every preparation for a vigorous and effective defense had been made, until later informed that judgment by default had been entered in said cause against him." Said affidavit also contains statements to the effect that the son of defendant, "Fred Wiederhold, about twenty-three years of age, wholly unacquainted with legal procedure and actions in court," attempted to look after the interests of affiant in said cause "and secure and retain a competent attorney at law at Ft. Benton, Montana, to defend said action in court, and, as affiant supposed and believed, and as his said son so informed affiant, he had secured and retained a competent attorney to perform all and every legal and necessary service by way of pleadings and answer to safeguard and defend affiant's interest in said action; that through some mistake, inadvertence, misunderstanding or excusable neglect of his son or attorney, or both, wholly unknown to affiant," default was taken and judgment rendered and entered on or about October 13, 1916, in said cause. Defendant further states in his affidavit that "now, and

for several years last past, [he] has been without the state of Montana, and has been during all of said time a resident of Henry county, state of Illinois; that during the entire year of 1916 he was a resident of said state of Illinois, and was without the confines of the state of Montana"; that during the year 1916 "his health was in a precarious condition"; and that he was forced to and did rely upon his son and said attorney to look after his interests in Montana. It also appears in the affidavit that immediately upon the delivery to him of the complaint and summons he "forwarded the same to the attorney whom his said son informed affiant had been retained to represent and look after" his interest in the action.

The court, upon the affidavit of affiant alone, sustained the motion of defendant and vacated the judgment. The correctness of this ruling is challenged by appellant upon the ground that the showing was insufficient. With this contention we agree.

The admission by defendant in his affidavit that complaint and [1] summons were delivered to him personally on August 7, 1916, and the fact that more than six months had elapsed between entry of judgment and the motion to set aside the default bring him within the rule laid down in numerous decisions of this court. (*Smith* v. *McCormick*, 52 Mont. 324, Ann. Cas. 1917E, 619, L. R. A. 1916E, 472, 157 Pac. 1010; *State ex rel. Smotherman* v. *District Court*, 51 Mont. 495, 153 Pac. 1019; *Smith* v. *Collis*, 42 Mont. 350, Ann. Cas. 1912A, 1158, 112 Pac. 1070; *State ex rel. Happel* v. *District Court*, 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291.) In *Smith* v. *Collis, supra*, Mr. Justice Holloway, for this court, said: "If personal service was had, the defaulting defendant may excuse his default by showing that it was taken through mistake, inadvertence, surprise or excusable neglect. If service was had by publication, or its equivalent, the defaulting party ought to show that he did not have actual notice of the pendency of the action in time to defend. This does not impose any hardship upon him. In either case the defaulting party ought to show that he moved promptly upon discovering that default had been taken against him, that he has a good defense upon the

merits, and that the judgment, if allowed to stand, will prejudicially affect him.'' The proof was utterly insufficient to meet [2] the requirements. The affidavit of defendant affirmatively shows that he relied solely upon his son and the attorney retained by him; that with this attorney he was in constant communication and sent him ''facts and data'' with which to prepare his defense. It does not, however, assume to set forth any fact by which it can be determined when he first learned of the entry of judgment, or if, after that fact came to his knowledge, he acted promptly, as he was bound to do, in an effort to obtain relief therefrom. (*Smith* v. *Collis, supra*). His proof in support of the motion is lame in other respects, for the name of the attorney employed is not given, although, as appears by the affidavit, he was a resident of Ft. Benton, the county seat of Chouteau county, and the place at which the court sat in the determination of the matters now sought to be reviewed. Under these circumstances, the requisite proof to support the affidavit of defendant, if it existed, could have been supplied by the two resident interested persons. Furthermore, if, as the defendant states, his health in the interim was in such a ''precarious condition'' that the default could be fairly attributed to that fact, an affidavit from his attending physician could have been produced to show it.

There is still another ample reason why the action of the court below can be sustained. Upon the judgment rendered and entered October 13, 1916, a writ of execution was issued, delivered [3] to the sheriff, and by him returned showing complete satisfaction of the judgment. The matter had therefore passed beyond the jurisdiction of the court in this proceeding. (*Foster* v. *Hauswirth*, 5 Mont. 566, 6 Pac. 19; 2 Black on Judgments, sec. 1010.)

The order is reversed.

*Reversed.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.