determination, although upon the record there appears to be considerable merit in the defendant's contention.

On the former appeal of this case, that which was stated on the question of the sufficiency of the evidence was necessary for the determination of the case, and, as is most apparent from a reading of our former decision, the case would not have been remanded for a retrial had it been determined that the evidence was not sufficient to go to the jury. Other matters considered and determined would have been of no pertinency upon a retrial had we been of opinion that there was not sufficient credible evidence to warrant submission of the case to the jury.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.

MEYER, RESPONDENT, *v.* LEMLEY ET AL., RESPONDENTS; OREGON MORTGAGE CO., LTD., APPELLANT.

(No. 6,449.)

(Submitted September 28, 1929. Decided November 13, 1929.)

[282 Pac. 268.]

*Messrs. Brown, Wiggenhorn & Davis,* for Appellant, submitted an original and a reply brief; *Mr. Horace R. Davis* argued the cause orally; *Messrs. Gunn, Rasch, Hall & Gunn,* of Counsel, on petition for rehearing.

*Mr. John G. Skinner,* for Respondent Meyer, submitted a brief and argued the cause orally.

92

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

From out the exhaustive and able arguments and briefs of counsel there appears one determinative question: Is the appellant upon its own showing entitled to relief in equity?

The rules in this state governing the vacation of decrees in ▮ equity and judgments at law are the same. With us decrees are but judgments. (*Raymond* v. *Blancgrass,* 36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac. 648.)

The general rule is that the equity power of a court "may ▮ not be invoked by a litigant to obtain any relief, when a plain, adequate, and speedy remedy is afforded in the ordinary course of law. Inadequacy or deficiency of the legal remedy is the fundamental concept of equity jurisdiction." (*Philbrick* v. *American Bank & Trust Co.,* 58 Mont. 376, 193 Pac. 59; *Peterson* v. *School Board,* 73 Mont. 442, 236 Pac. 670; Freeman on Judgments, 5th ed., sec. 1194.)

Section 9187, Revised Codes 1921, provides that the court, ▮ in its discretion, may, upon such terms as may be just, relieve a party or his legal representative from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, provided that application therefor be made within a reasonable time, but in no case exceeding six months after the judgment was taken.

The statute, though providing a remedy at law, is founded upon equitable principles. It is liberal, and designed to promote justice, but the suitor must be diligent in asserting his rights. Indeed, the statute is designed to afford a speedy rem-

edy in the action itself, rather than to subject the litigant to the delay and expense of a separate suit. The remedy provided is available to one in whose favor a judgment is rendered, as well as to one against whom judgment has gone. This has been held in California, from which state we borrowed the statute, many times. (*Brackett* v. *Banegas,* 99 Cal. 623, 34 Pac. 344; *Bernheim* v. *Cerf,* 123 Cal. 170, 55 Pac. 759; *Palace Hardware Co.* v. *Smith,* 134 Cal. 381, 66 Pac. 474; *Grannis* v. *Superior Court,* 143 Cal. 630, 77 Pac. 647; *Lemon* v. *Hubbard,* 10 Cal. App. 471, 102 Pac. 556. And compare *Federal Land Bank* v. *Gallatin County,* 84 Mont. 98, 274 Pac. 288.)

That the sale could be set aside upon motion is settled in this jurisdiction by the exhaustive opinion of Mr. Justice Holloway in *State ex rel. Coffey* v. *District Court,* 74 Mont. 355, 240 Pac. 667, to which we direct attention. The statutory remedy ▮ may be invoked to set aside a judgment, even after it had been satisfied by sale under execution. (*Patterson* v. *Keeney,* 165 Cal. 465, Ann. Cas. 1914D, 232, 132 Pac. 1043, 1044; *Brown* v. *Martin,* 23 Cal. App. 736, 139 Pac. 823; *Dickerson* v. *Davis,* 111 Ind. 433, 12 N. E. 145.) The great weight of authority is in accord. (34 C. J. 225.) "It must be admitted that the rule allowing such relief is more in accordance with justice than the rule which denies it." (*Patterson* v. *Keeney,* supra.) Under some circumstances, the satisfaction of a judgment may preclude relief; but none such appear here.

In *Foster* v. *Hauswirth,* 5 Mont. 566, 6 Pac. 19, 20, it appeared that more than a year after judgment had been rendered against the defendant, and after an execution had been issued thereon and the sale of the property had, defendant moved the court to set aside the judgment. The defendant presented affidavits purporting to show that the summons was served upon him on Sunday, and not on Saturday, as the sheriff returned. But the judgment on its face was valid. "Besides this," said the court, speaking through Mr. Chief Justice Wade, "real estate has been sold by virtue of the

judgment, and the rights of third persons have intervened, or, at least, additional rights have been created thereby. * * * This case is to be distinguished from those in which the judgment is simply void, and where no property has been sold under it, and no rights have intervened or come into existence by virtue of such sale.'' It will be seen that the court seems to have been influenced to some extent by the thought that the rights of third parties had intervened. This is seen by the succeeding case of *Hauswirth* v. *Sullivan,* 6 Mont. 203, 9 Pac. 798, 800, in which the administrator of the defendant Hauswirth had brought an action against the sheriff and those who were plaintiffs in the action of *Foster* v. *Hauswirth* to set aside the judgment and to have all proceedings thereunder vacated on the ground that the judgment was void. The court, again speaking through Mr. Chief Justice Wade, said: ''It is not necessary to cite authorities to sustain the proposition that Hauswirth might have appeared in that action by motion, within the statutory time, and shown that the sheriff's return was false, and had this void judgment against him set aside, provided the rights of third persons have not intervened, or additional rights been acquired, as stated in *Foster* v. *Hauswirth,* 5 Mont. 566, 6 Pac. 19. But was that his only remedy?'' The learned jurist continued: ''What was the use of Hauswirth making a motion to set aside a judgment that was a mere nullity, and that he had the right to show was utterly void for want of jurisdiction whenever any attempt was made to enforce the judgment against him? He had the right to treat the judgment as void until it was attempted to enforce it against him, and then to bring an action, and have it declared so [citing cases]. A judgment at law may be vacated or relieved against in equity, when it is made to appear that the court in pronouncing it acted without jurisdiction [citing cases].''

It is thus made clear that the court did not intend to hold that the remedy by motion would not have been available to the defendant, even if property had been sold under the judgment, unless the rights of others had intervened. And we may

say that, when third parties take the property with full knowledge of all the facts, if the facts would warrant relief to the injured party, the remedy should also run against the third parties.

*Green* v. *Wiederhold*, 56 Mont. 237, 181 Pac. 981, is called to our attention. In that case the defendant moved to set aside the judgment after the expiration of more than six months from its entry. This case, as the records show, was placed upon the "Short cause docket" upon motion of appellant, on the ground that "said cause involves the sole and single question of whether or not the court below is justified in vacating and setting aside a judgment after more than six months had elapsed from the date of its rendition and entry, where the defendant was personally served with summons, and is ruled by numerous previous decisions of this court." The court passed upon that decisive question, and whatever else was said is *obiter dictum.* The court observed that the record showed that it appeared that the judgment had been satisfied upon execution, and "the matter had therefore passed beyond the jurisdiction of the court in this proceeding"— citing *Foster* v. *Hauswirth,* supra, and 2 Black on Judgments, section 1010. The language quoted is correct for the reason that the motion was made too late, but not otherwise. The rights of third parties had not intervened, and upon the facts *Foster* v. *Hauswirth* is not authority. Section 1010 of Black on Judgments does not bear upon the point at all.

In the case at bar the statutory remedy was plain, speedy and adequate. Under it appellant could have obtained complete relief. It could have had the decree, and all subsequent proceedings thereunder, set aside, and have obtained an order permitting an amendment of its complaint. Having served the amended complaint upon the defendants, appellant could then have pursued its action in due course. Appellant invoked the aid of the statute, but through its own fault failed to pursue properly the remedy it afforded. (*Oregon Mortgage Co.* v. *Kunneke,* 76 Mont. 117, 245 Pac. 539.)

96

When counsel for appellant invoked the legal remedy, when they filed their motion to amend the decree, they knew all the facts respecting the commission of the errors that were known to present counsel when the cross-complaint asking relief in equity was filed. Under the circumstances, equity shuts its doors against them. "As appears upon the face of their complaint," said Mr. Justice Sharpstein in *Ede* v. *Hazen*, 61 Cal. 360, "the plaintiffs discovered within forty days after the entry of the judgment, and within six months after the entry of their default, all the facts upon which they now base their right to have it set aside, and if it be conceded that upon those facts they are entitled to the relief they now claim, it is clear that they had 'a speedy, complete adequate, summary remedy in the same proceeding, and that the complaint shows no circumstances which entitled them to maintain a separate and distinct equitable action.' (*Ketchum* v. *Crippen*, 37 Cal. 223.)" (And see *Moulton* v. *Knapp*, 85 Cal. 385, 24 Pac. 803; 15 Cal. Jur. 25.)

"If the complaining party has resorted to an adequate legal remedy, and been denied relief, this adjudication should bar any relief in equity on grounds then available which were or might have been there urged." The form of the legal remedy is immaterial, if it be adequate. (3 Freeman on Judgments, 5th ed., sec. 1194.)

When a party seeking relief from a judgment has an adequate remedy at law by motion in the original case, equity will not interpose in his favor while that remedy is available, nor thereafter if he does not show a sufficient excuse for not having resorted to it at the proper time. (*Dunne* v. *Yund*, 52 Mont. 24, 155 Pac. 273; Freeman on Judgments, sec. 1197.) And this is so, whether the mistake be one of fact or one of law. The rule is not invariable that a mistake of law will never be considered excusable. (14 Cal. Jur. 1035, 1044.)

It is true that a mistake as to the law is not the mistake contemplated by section 9187, and ignorance of the law does not constitute an excuse within the meaning of the statute. (*Canning* v. *Fried*, 48 Mont. 560, 139 Pac. 448.) Nothing

said in *Federal Land Bank* v. *Gallatin County,* supra, was intended to go further than this.

But if fraud enters in, or if the misconduct of his adversary ▮ has brought about the result (*Bullard* v. *Zimmerman,* 82 Mont. 434, 268 Pac. 512), or if there be a want of jurisdiction in the court entering the judgment, although the judgment is fair on its face (*Hauswirth* v. *Sullivan,* 6 Mont. 203, 9 Pac. 798; *State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291; *Clark* v. *Clark,* 64 Mont. 386, 210 Pac. 93), or if the statute provides an inadequate remedy (*Bullard* v. *Zimmerman,* supra), or where a party without any fault of his own has been deprived of his legal remedy (Freeman on Judgments, 5th ed., sec. 1195), equity will assume jurisdiction and afford relief. When such conditions are shown, the statutory remedy is deemed cumulative, or concurrent. (*Baker* v. *O'Riordan,* 65 Cal. 368, 4 Pac. 232; *Bacon* v. *Bacon,* 150 Cal. 477, 89 Pac. 317.) Here nothing of the sort appears. Appellant had an ▮ adequate remedy, invoked it, lost it through its own fault. He who summons the public force to aid him in the assertion of his rights must follow the rules prescribed. He cannot be permitted, after having selected an appropriate and adequate remedy and having failed through his own fault to obtain relief thereby, to then harass his blameless adversary by pursuing another and different remedy. It is to the interest of society that litigation end; "*interest reipublicae ut sit finis litium.*" (*United States* v. *Throckmorton,* 98 U. S. 61, 25 L. Ed. 93; *Kennedy* v. *Dickie,* 34 Mont. 205, 85 Pac. 982.)

The unavoidable conclusion reached above makes it unnecessary to consider other problems presented in the briefs. And in view of the result reached the fact that the court's findings are inconsistent is inconsequential.

The court reached the correct conclusion, and its judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. JUSTICE ANGSTMAN: I am unable to concur in the views announced in the majority opinion, to the effect that appellant had a full, complete and adequate remedy by motion. When appellant learned of the facts constituting the basis of the relief sought by this proceeding, the judgment in the foreclosure action was already fully satisfied and discharged by a sale of the property. Under such circumstances, it had no remedy by motion, by force of the decision of this court in the case of *Foster* v. *Hauswirth*, 5 Mont. 566, 6 Pac. 19, which was reaffirmed in the case of *Green* v. *Wiederhold*, 56 Mont. 237, 181 Pac. 981.

True, in the cases cited above, the defendant was the moving party; but, if section 9187 extends to those in whose favor judgment has been rendered, as well as to those against whom judgment has been entered, then it must so operate upon like terms and conditions and subject to the same limitations, one of which is that the remedy by motion is not available after the judgment has been satisfied. Also it is true that in the *Hauswirth Case* the objection was one that went to the jurisdiction of the court to enter the judgment complained of, but such was not true in the *Green Case*, and neither was want of jurisdiction assigned as the reason for the conclusion in the *Hauswirth Case*. The reason assigned was that the judgment had been satisfied. There was no right of any third party involved in the *Hauswirth Case*. There, as here, the plaintiff had become the purchaser of the property at the execution sale, and this fact alone is what the court referred to in its opinion, wherein it said: "The rights of third persons have intervened, or, at least, additional rights have been created thereby."

In my opinion, also, no part of the opinion in the *Green Case* may properly be characterized as *obiter dictum*. The court, after giving one reason why the action of the lower court, in granting the motion to set aside the judgment, could not be sustained, said: "There is still another ample reason why the action of the court below can[not] be sustained. Upon the judgment rendered and entered October 13, 1916,

a writ of execution was issued, delivered to the sheriff, and by him returned, showing complete satisfaction of the judgment. The matter had therefore passed beyond the jurisdiction of the court in this proceeding." When more than one reason is assigned by an appellate court for sustaining or overruling the action of the lower court, both become the judgment and decision of the court, and neither is *dictum.* As was pertinently observed by Mr. Justice Brewer, speaking for the United States supreme court in *Union Pac. R. Co.* v. *Mason City etc. R. Co.,* 199 U. S. 160, 50 L. Ed. 134, 26 Sup. Ct. Rep. 19, 20: "Of course, where there are two grounds, upon either of which the judgment of the trial court can be rested, and the appellate court sustains both, the ruling on neither is *obiter,* but each is the judgment of the court, and of equal validity with the other. Whenever a question fairly arises in the course of a trial, and there is a distinct decision of that question, the ruling of the court in respect thereto can, in no just sense, be called mere *dictum."*

The above decisions of this court, whether right or wrong (and that is a question not here involved), constituted the law of this state at the time of the discovery of the facts relied upon here, and at the time the cross-complaint in this action was filed.

Since appellant had no remedy by motion, in view of these decisions, it is my opinion that the remedy invoked by appellant in the cross-complaint is available, and that the cause should be considered on its merits.

I express no opinion whether the judgment should be affirmed on the merits, since that question has not been considered in the majority opinion.

Rehearing denied December 5, 1929.