JEFFRIES COAL CO., Respondent, *v.* INDUSTRIAL ACCIDENT BOARD, et al., Appellants.

No. 9210.
Submitted November 13, 1952.   Decided December 19, 1952.
Rehearing denied February 11, 1953.
252 Pac. (2d) 1046.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Thomas F. Joyce and Mrs. Vera Jean Heckathorne, Asst. Attys. Gen., Helena, for appellants.

Mr. G. J. Jeffries, Roundup, Mr. Ralph J. Anderson, Helena, for respondent.

Mr. Joyce and Mr. Jeffries argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff is engaged in operating a coal mine near Roundup. R. C. M. 1947, sec. 50-435, provides in substance that every operator of a coal mine employing more than twelve persons "actually engaged in the mining of coal" shall provide a wash-room not over 800 feet from the principal entrance of the mine when practicable to do so. When not practicable to build it within this distance the coal mine inspector may give written permission to place it at a greater distance from the mine.

On January 11, 1951, defendant board issued an order which in substance recited the provisions of section 50-435 and stated

that the records of the defendant board show that more than 12 persons were engaged in mining coal at plaintiff's mine and directing plaintiff to comply with the provisions of section 50-435 and erect a wash house.

On March 20, 1952, plaintiff brought this action to enjoin enforcement of the order. The complaint charged that the order was void for the following reasons:

First, that plaintiff had less than 12 persons actually engaged in mining coal;

Second, that the defendant board has no authority and jurisdiction in the matter;

Third, that the order was made without notice to plaintiff and without hearing;

Fourth, that no water was available at the mine with which to comply with section 50-435.

Defendant's demurrer upon the ground that the court has no jurisdiction of the subject of the action and that the complaint does not state facts sufficient to constitute a cause of action was overruled. Defendant's answer admitted certain formal allegations of the complaint and denied generally the other allegations.

The cause was tried to the court without a jury resulting in findings and decree in favor of plaintiff. Defendant has appealed from the judgment.

Defendant's first contention is that its demurrer to plaintiff's complaint should have been sustained. This contention is well taken. It is well settled that the equity power of the court may not be invoked by a litigant who has a plain, speedy and adequate remedy at law. Philbrick v. American Bank & Trust Co., 58 Mont. 376, 193 Pac. 59; Meyer v. Lemley, 86 Mont. 83, 282 Pac. 268; Epletveit v. Solberg, 119 Mont. 45, 169 Pac. (2d) 722.

The facts relied on by plaintiff as the basis for the relief sought could be asserted as a defense to any proceedings brought by the board to enforce compliance with its order.

When matters relied on in the complaint in an injunction

action constitute a defense to an action at law, it is held to constitute an adequate remedy at law precluding injunctive relief. 4 Pomeroy's Equity Jurisprudence, sec. 1361a, p. 976; California Thorn Cordage v. Diller, Inc., 121 Cal. App. 542, 9 Pac. (2d) 594; Waymire v. San Francisco & S. M. Ry. Co., 112 Cal. 646, 44 Pac. 1086; Ridgway v. Missouri-Kansas-Texas Ry. Co., Tex. Civ App., 204 S. W. (2d) 411; Northern Pac. Ry. Co. v. Cannon, C. C. Mont., 49 F. 517.

Plaintiff contends that if it sits by and awaits action by defendant to enforce its order, the penalties provided by section 50-529 ($100 for each and every day during which the offense continues) will be adding up against it if plaintiff is guilty of violating the law and hence that the remedy at law is inadequate. Plaintiff has voluntarily taken that chance ever since it failed to comply with the statute and the making of the order by defendant board did not affect plaintiff's liability for failure to comply with the statute prior to making the order.

If the defendant board delays unreasonably in instituting legal action seeking enforcement of its order and compliance with section 50-435, plaintiff may institute an action at law for declaratory judgment under R. C. M. 1947, sec. 93-8901 et seq. In the face of section 93-4203 which provides in part: "An injunction cannot be granted: * * * To prevent the execution of a public statute, by officers of the law, for the public benefit", plaintiff having an adequate remedy at law may not maintain an action to enjoin the defendant board in its attempt to compel compliance with section 50-435.

The complaint fails to state facts sufficient to constitute a cause of action. The judgment is reversed and the cause remanded with directions to set aside the order overruling and to enter an order sustaining the demurrer to the complaint.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, BOTTOMLY, and METCALF, concur.

On Motion for Rehearing.

PER CURIAM.

On motion for rehearing plaintiff contends that the action before us is one for declaratory judgment.

We do not so construe the complaint, but if we assume it is ██ one for a declaratory judgment, it is not one that attacks the statute but merely one that questions the validity of the order of the defendant board. It is of no consequence that the order complained of was made without notice to plaintiff and without a hearing. If affects no right of plaintiff. It simply amounted to notice to plaintiff that defendant intends to enforce the provisions of R. C. M. 1947, sec. 50-435. It is unlike Fredenberg v. Whitney, D. C., 240 F. 819, relied on by plaintiff, in which case the order complained of imposed a fine and attempted to suspend the license of plaintiff, under rules having the force and effect of law.

Whether plaintiff had 12 persons actually engaged in mining ██ and whether water is available, which are the other two grounds of challenging the order, can be raised in proceedings designed to enforce the statute or in proceedings questioning the validity of the statute.

The order complained of here is nothing more than a statement that defendant intends to perform its duties as commanded by statute by enforcing compliance with the statute.

The motion for rehearing is denied.