No. 95-222

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

LORNIE K. MUELLER and ROSE E. MUELLER,

Petitioners and Respondents,

v.

JOHN S. MILLER,

Respondent and Appellant.

FILED

AUG 22 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark E. Jones, Attorney at Law, Missoula,
Montana

For Respondents:

Nancy K. Moe; Ellingson & Moe, Missoula, Montana

Harold V. Dye; Dye Law Office, Missoula, Montana

Submitted on Briefs: August 3, 1995

Decided: August 22, 1995

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

John S. Miller (Miller) appeals from the findings of fact, conclusions of law and order entered by the Fourth Judicial District Court, Missoula County, denying his combined Rule 60(b) motion for relief and motion for leave to amend his pleadings. We affirm.

The dispositive issue before us is whether the District Court erred in denying Miller's motion for relief from summary judgment.

Lornie K. Mueller and Rose E. Mueller (Muellers) filed a petition for ejectment against appellant Miller and Andrea K. Miller (Millers) on December 11, 1991. The petition alleged that the parties entered into a contract for the sale and purchase of land owned by the Muellers; that the Millers took possession and, thereafter, failed to comply with the terms of the contract; that the Muellers properly demanded possession; and that the Millers failed to give possession of the property to the Muellers. The Muellers subsequently amended their petition to add claims for unlawful detainer, holdover and injunctive relief.

Miller answered the petition on May 28, 1992. He subsequently filed a bankruptcy petition; his bankruptcy proceeding was dismissed in 1994. The Muellers and Andrea Miller filed a stipulation for confession of judgment against Andrea Miller.

On August 15, 1994, the Muellers filed a motion for summary judgment against Miller. Miller's counsel moved for, and was granted, an extension of time to respond. When Miller did not file a response, the Muellers filed a notice of issue. The District Court granted the Muellers' motion for summary judgment on October

2

5, 1994. The Muellers filed and served notice of entry of judgment on October 25, 1994. The Muellers had filed a motion for preliminary injunction just prior to their summary judgment motion, Miller had responded, a hearing was held at which Miller and his counsel appeared, and the court had issued the preliminary injunction.

On November 17, 1994, Miller filed a combined motion for relief from summary judgment and motion to file amended answer. The basis of the motion for relief from summary judgment was that the Muellers' counsel committed fraud on the court by creating the illusion that Miller's counsel was served with the motion for summary judgment when, in fact, he was not served; Miller also alleged that the failure to serve Miller's counsel prejudiced Miller. The parties briefed the motion for relief from summary judgment and the court held an evidentiary hearing.

On January 3, 1995, the District Court filed its extensive findings of fact, conclusions of law and order denying Miller's motion for relief from summary judgment and motion to amend his answer. Miller appeals.

Did the District Court err in denying Miller's motion for relief from summary judgment?

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (3) fraud[.]" Rule 60(b), M.R.Civ.P. Motions for relief from judgment based on fraud generally must be made within 60 days of notice of entry of judgment. Rule 60(b), M.R.Civ.P. Here, Miller's motion for relief from judgment alleging fraud on the court was timely made.

3

The District Court denied Miller's motion based on extensive findings of fact. It is clear from the language of Rule 60(b), M.R.Civ.P., that a court's action in granting or denying a party's Rule 60(b) motion for relief is discretionary. Thus, we review the District Court's denial of Miller's motion for abuse of discretion. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 803 P.2d 601. We review findings of fact which form the basis for a court's discretionary determination under a three-part clearly erroneous test involving, first, whether substantial evidence supports the findings being challenged. Tonack v. Montana Bank of Billings (1993), 258 Mont. 247, 251, 854 P.2d 326, 329 (citation omitted).

Miller relies on Meyer v. Lemley (1929), 86 Mont. 83, 282 P. 268, for the proposition that fraud on the court is committed when misconduct is performed by the one in whose favor the judgment is rendered. The misconduct he alleges is that the Muellers' counsel intentionally failed to serve his counsel, Laurence Ginnings, Esq. (Ginnings), with the motion for summary judgment; created the impression that proper service had been made by serving other counsel; and, as a result, obtained summary judgment for the Muellers without giving him an opportunity to establish that genuine issues of material fact existed which precluded summary judgment.

The District Court made the following extensive findings of fact in this regard, based on the pleadings, exhibits and testimony before it. The Muellers filed a petition for ejectment against appellant Miller and Andrea K. Miller in December of 1991. Ginnings was personally served as counsel for the Millers. Ginnings subsequently filed a notice of appearance on behalf of

4

Miller only.

Ginnings filed a status report on Miller's behalf on January 21, 1994. Nancy Moe, Esq. (Moe), having replaced earlier counsel for the Muellers, filed a status report on their behalf on the same date. Moe filed an updated status report on February 17, 1994, concerning Miller's pending bankruptcy action; the status report reflected Moe's understanding that Bruce Hussey, Esq. (Hussey) was representing Miller in the bankruptcy action. Moe served the updated status report on both Ginnings and Hussey.

On June 20, 1994, Moe filed an additional updated status report indicating dismissal of the bankruptcy action; she served both Ginnings and Hussey on Miller's behalf. The District Court's scheduling order, issued June 23, 1994, was served on both Hussey and Ginnings as counsel for Miller.

Moe and Hussey had a telephone conversation on June 28, 1994, after which Moe sent letters confirming the conversation to both Hussey and Ginnings. On July 8, 1994, Moe wrote to Hussey and Ginnings that Hussey had advised he would be representing Miller in the action and would be conferring about the proposed scheduling order. Hussey signed the stipulated proposed scheduling order on Miller's behalf on July 21, 1994. Thereafter, with regard to the Muellers' motion for preliminary injunction and other matters, Moe served only Hussey as counsel for Miller.

On August 10, 1994, Hussey filed a motion to continue on Miller's behalf with regard to a hearing on the Muellers' preliminary injunction motion. Notes in the court's file by a clerk and judicial aide reflect Hussey's active involvement in seeking a continuance of the hearing date through telephone calls

5

to the court. Hussey filed a response to the motion for preliminary injunction on Miller's behalf on August 11, 1994.

Moe filed the Muellers' motion for summary judgment on August 15, 1994, and served it on Hussey as Miller's counsel. Hussey filed a motion for extension of time to respond to the motion for summary judgment.

The District Court denied the motion to continue the preliminary injunction hearing which Hussey had filed on Miller's behalf. Miller appeared personally with Mark E. Jones, Esq. (Jones) at the preliminary injunction hearing on August 19, 1994; Jones indicated he was appearing for Hussey. Throughout that hearing, Jones' arguments were interspersed with references to "my client" and "our client." At the same hearing, Miller referred to his "other attorney" as Hussey. The District Court referred to the Muellers' pending motion for summary judgment during the preliminary injunction hearing. The court issued the preliminary injunction during the hearing and also issued its order regarding settlement proceedings; the court served Hussey on Miller's behalf.

Hussey was served with the Muellers' notice of issue regarding the motion for summary judgment after Hussey failed to respond within the time granted in response to his motion for extension of time. The District Court granted summary judgment on the basis of Miller's failure to respond. After notice of entry of judgment was filed, Jones filed a notice of appearance on Miller's behalf; he did not serve Hussey.

On the basis of these extensive findings, the District Court specifically found that Ginnings did not file any pleading, and did not actively represent Miller in written pleadings, after January

6

21, 1994. The court also found that the reason for Ginnings' inaction was his belief and understanding that Miller had retained Hussey, and later Jones, to represent him.

The court further found that no testimony established that Ginnings would have actively participated in opposing the Muellers' motion for summary judgment, and that Miller's own actions in having Hussey seek a continuance of the preliminary injunction hearing and additional time for briefing the motion for summary judgment demonstrated that he considered Hussey to be his counsel. Finally, the court found that both Hussey's filings and Jones' statements at the preliminary injunction hearing negated any notion that Ginnings was actively representing Miller at any point past June 29, 1994.

On the basis of these extensive findings of fact, the District Court ultimately found that Moe had not misrepresented--either actively or constructively--any matter with regard to the Muellers' motion for summary judgment. As a result, the court concluded that the "misrepresentation" element necessary to a fraud claim had not been established.

We note that, with the exception of several technical and nonsubstantive differences between certain of the District Court's findings and the testimony, Miller does not contend that any of these extensive findings of fact are unsupported by substantial evidence; nor does our review of the record disclose a lack of substantial evidence in support of any of the findings. Thus, we conclude that the findings are supported by substantial evidence and that the District Court did not misapprehend the effect of the evidence; nor are we left with a conviction that a mistake has been

7

committed. On that basis, therefore, we further conclude that none of the court's findings of fact is clearly erroneous.

Assuming *arguendo* that the "misconduct" standard set forth in *Meyer* is, as Miller asserts, the appropriate standard for fraud on the court under Rule 60(b), M.R.Civ.P., it is clear that Miller failed to establish any misconduct or fraud by Moe. While the court was faced with conflicting testimony with regard to certain of the nonrecord conversations, it is within the province of the finder of fact to determine the credibility of witnesses and to weigh--and resolve conflicts in--the evidence. *Tonack*, 854 P.2d at 329.

Miller also argues that he was prejudiced by Moe's failure to properly serve his counsel. We observe at the outset that Miller cites to no authority which recognizes this argument as a separate basis for relief from judgment under Rule 60(b), M.R.Civ.P. In Phennicie v. Phennicie (1979), 185 Mont. 120, 604 P.2d 787, for example, the issue of improper service on a party's attorney under Rule 5(b), M.R.Civ.P., was raised in the context of a direct appeal. In any event, Miller's Rule 5(b) argument is unavailing here; in this case, an attorney representing Miller was served and nothing in the rule addresses the point in time at which one attorney replaces another for service purposes.

Miller's reliance on Fonk v. Ulsher (1993), 260 Mont. 379, 860 P.2d 145, and Shields v. Pirkle Refrigerated Freight Lines, Inc. (1979), 181 Mont. 37, 591 P.2d 1120, also is misplaced. Both cases addressed the issue of the validity of initial service of process under Rule 4D, M.R.Civ.P. Neither the validity of initial service nor Rule 4D is at issue in the present case.

8

We hold that the District Court did not abuse its discretion in denying Miller's motion for relief from summary judgment.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

9